JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Day, Cuyahoga County Court of Common Pleas Case No. CR-392437, applicant — James A. Day, Jr. — was convicted of murder with one-year and three-years firearms specifications. This court affirmed that judgment in State v. Day, Cuyahoga App. No. 79368, 2002-Ohio-669. The Supreme Court of Ohio denied Day's motion for delayed appeal and dismissed his appeal to that court. State v. Day, 96 Ohio St.3d 1455,2002-Ohio-3819, 772 N.E.2d 125.
 {¶ 2} Day has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because appellate counsel did not assign as error that trial counsel was ineffective and that the evidence at trial was insufficient to support a judgment of conviction. We deny the application for reopening. As required by App. R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Initially, we note that App. R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App. R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 4} This court's decision affirming Day's conviction was journalized on March 4, 2002. The application was filed on February 24, 2004, clearly in excess of the ninety-day limit.
 {¶ 5} Day contends that his lack of access to the trial transcript, his learning disability, his limited formal education and the fact that he "does not possess a legal mind," Application, at 3, are good cause for the untimely filing of his application for reopening. Lack of a transcript and lack of understanding of the law are not sufficient grounds to demonstrate good cause. State v. Sanchez (June 9, 1994), Cuyahoga App. No. 62797, reopening disallowed, 2002-Ohio-2011, Motion No. 36733, at 3. Similarly, this court has held that limited education is not a ground for establishing good cause. State v. Sanders (Nov. 9, 2000), Cuyahoga App. No. 76620, reopening disallowed, 2004-Ohio-6846, Motion No. 360359 at ¶ 4-5. See also State v. McNeal (Apr. 5, 2001), Cuyahoga App. No. 77977, reopening disallowed, 2002-Ohio-4764, Motion No. 38615, at ¶ 4-5 (rejecting a "learning disability" as a ground for demonstrating good cause for the late filing of an application for reopening). The absence of good cause for the untimely filing of the application for reopening is a sufficient basis for denying the application for reopening.
 {¶ 6} Likewise, Day's affidavit accompanying the application is not sufficient to comply with App. R. 26(B)(2) which provides, in part:
An application for reopening shall contain all of the following:
 " * * * (d) A sworn statement of the basis for the claim that appellatecounsel's representation was deficient with respect to the assignments oferror or arguments raised pursuant to division (B)(2)(c) of this rule andthe manner in which the deficiency prejudicially affected the outcome ofthe appeal, which may include citations to applicable authorities andreferences to the record * * *."
 {¶ 7} The substantive portion of the "Affidavit of Verity" accompanying the application merely states "that the facts set forth in the Motion for Delayed Application for Reopening of Appeal are true and correct to the best of my personal knowledge." Compare State v. Turner
(Nov. 16, 1989), Cuyahoga App. No. 55960, reopening disallowed (Aug. 20, 2001), Motion No. 23221, at 4-5 ("The `Affidavit of Verity' accompanying the application merely states `that the facts herein or attached are true and accurate to the best of my knowledge, information and belief.'"Turner, supra, at 5.) See also: State v. Nero (Dec. 9, 1983), Cuyahoga App. No. 47782, reopening disallowed, 2003-Ohio-268, Motion No. 343053, ¶ 14-15; State v. Johnson (Aug. 20, 1992), Cuyahoga App. No. 61015, reopening disallowed (Dec. 13, 2000), Motion No. 16322, at 4; State v.Towns, 1997 Ohio App. LEXIS 4709 (Oct. 23, 1997), Cuyahoga App. No. 71244, reopening disallowed (May 4, 2000), Motion No. 6308, at 4-5, cited in Turner (the "Affidavit of Verity" accompanying the application merely stated "that the facts contained in the foregoing Application for Re-Opening are true [and] correct to the best of my knowledge and belief."). In Turner, Nero, Johnson and Towns, we held that the applicant's failure to comply with App. R. 26(B)(2)(d) was a sufficient basis for denying the application for reopening.
 {¶ 8} We must also hold in this case that Day's affidavit does not set forth "the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." App. R. 26(B)(2)(d). Day's failure to comply with App. R. 26(B)(2)(d) is a sufficient basis for denying the application for reopening.
 {¶ 9} Day's request for reopening is also barred by res judicata. "The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry (1967),10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 66, 584 N.E.2d 1204." State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
 {¶ 10} Day filed a notice of appeal pro se to the Supreme Court of Ohio. As noted above, the Supreme Court denied his motion for delayed appeal and dismissed the appeal. "Since the Supreme Court of Ohio dismissed [applicant's] appeal * * *, the doctrine of res judicata now bars any further review of the claim of ineffective assistance of counsel." State v. Coleman (Feb. 15, 2001), Cuyahoga App. No. 77855, reopening disallowed (Mar. 15, 2002), Motion No. 33547, at 5. In light of the fact that we find that the circumstances of this case do not render the application of res judicata unjust, res judicata bars further consideration of Day's claim of ineffective assistance of appellate counsel.
 {¶ 11} We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App. R. 26(B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24, 1998-Ohio-704,701 N.E.2d 696, the Supreme Court specified the proof required of an applicant.
"In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458,we held that the two prong analysis found in Strickland v. Washington(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriatestandard to assess a defense request for reopening underApp. R. 26(B)(5). [Applicant] must prove that his counsel were deficient forfailing to raise the issues he now presents, as well as showing that hadhe presented those claims on appeal, there was a `reasonable probability'that he would have been successful. Thus [applicant] bears the burden ofestablishing that there was a `genuine issue' as to whether he has a`colorable claim' of ineffective assistance of counsel on appeal."
 {¶ 12} Id. at 25. Applicant cannot satisfy either prong of theStrickland test. We must, therefore, deny the application on the merits.
 {¶ 13} In his third assignment of error, Day argues that the evidence was insufficient to support a conviction. Although he asserts that his appellate counsel argued the insufficiency of the evidence on direct appeal, appellate counsel actually argued that the judgment was against the manifest weight of the evidence. This court extensively reviewed the evidence and concluded that "there was consistent, credible evidence adduced at trial to support the jury's verdict appellant was guilty of using a firearm to murder [the victim]." State v. Day, Cuyahoga App. No. 79368, 2002-Ohio-669, at 15.
"[Applicant] also asserts that his appellate counsel should have arguedsufficiency of the evidence. But appellate counsel did argue the manifestweight of the evidence. "In determining that the judgment was not againstthe manifest weight of the evidence, this court was required to go beyondthe question of law which a claim of insufficiency of the evidence wouldpresent and examine the broader issues of credibility, etc. Appellatecounsel did not, therefore, violate any essential duty to applicant norwas applicant prejudiced by the absence of an assignment of errorasserting insufficiency of the evidence." State v. Dines (Nov. 1, 1990),Cuyahoga App. No. 57661, reopening disallowed (May 26, 1994), MotionNos. 43617, 42620, 42628 and 48243 (Slip op. At pg. 8) and State v.Jones (Sept. 25, 1997), Cuyahoga App. No. 71178, reopening disallowed(Mar. 24, 1998), Motion No. 90600."
 {¶ 14} State v. Krzywkowski, Cuyahoga App. No. 80392, 2002-Ohio-4438, reopening disallowed, 2003-Ohio-3209, Motion No. 343757, at ¶ 16, appeal dismissed 100 Ohio St.3d 1425, 2003-Ohio-5232, 797 N.E.2d 92.
 {¶ 15} Day's arguments in support of this assignment of error merely suggest that this court should have reached a different conclusion on direct appeal when it considered whether the judgment was against the manifest weight of the evidence. He has not, however, demonstrated that the state failed to prove beyond a reasonable doubt any of the elements of the charges on which he was convicted. We cannot, therefore, conclude that appellate counsel was deficient or that Day was prejudiced by the absence of an assignment of error asserting that there was insufficient evidence to justify a conviction. His third assignment of error is not well-taken.
 {¶ 16} In the other five assignments of error, Day asserts that appellate counsel was ineffective for failing to assign as error that trial counsel was ineffective. The standard of review for claims of ineffective assistance of trial counsel also requires examination of whether counsel's performance was deficient and whether that deficiency prejudiced the defendant. See, e.g., State v. Young, Cuyahoga App. No. 81347, 2003-Ohio-2185, at ¶ 26-27.
 {¶ 17} In his first assignment of error, Day complains that his trial counsel failed to move for a mistrial because the prosecution withheld an affidavit by a witness. Day contends that this affidavit is exculpatory evidence which would have aided his defense. Yet, he does not indicate that this affidavit is part of the record in this case. "[B]ecause [the applicant's] argument relies upon matters outside the record of trial, it would have been inappropriate for counsel to have assigned error with respect to this issue. * * *. Rather, such issue should have been raised in postconviction relief proceedings. * * *." State v. McNeal, Cuyahoga App. No. 77977, 2002-Ohio-4764, at ¶ 12. Compare State v. McGrath (Sept. 6, 2001), Cuyahoga App. No. 77896, reopening disallowed, 2002-Ohio-2386, Motion No. 34168 at ¶ 20, et seq., appeal dismissed, 96 Ohio St.3d 1488,2002-Ohio-4478, 774 N.E.2d 763. Day has not, therefore, demonstrated that his appellate counsel was deficient or that he was prejudiced by the absence on direct appeal of his proposed first assignment of error. As a consequence, Day's first assignment of error is not well-taken.
 {¶ 18} In his second assignment of error, Day argues that his trial counsel was ineffective because they did not object to testimony that Day had been released from jail shortly before May 27, 2000 — the date of the incident which gave rise to his conviction. He fails to mention, however, that the two, brief statements to which Day alludes were made by one witness within moments of each other during cross-examination by Day's counsel. The line of questioning was an attempt to establish how frequently the witness saw Day. Both times the witness mentioned that Day had recently been released from jail. She also stated that he had a job.
 {¶ 19} Obviously, trial counsel could have made a tactical decision and weighed the value of objecting to these answers versus drawing any further attention to those remarks. Additionally, assigning trial counsel's failure to object to these remarks as error would raise the issue of whether it was invited error. That is, trial counsel pursued a line of questioning regarding the familiarity of the witness with Day over a period of years. In order to explain why she hadn't seem him very often prior to May 27, 2000, she stated that he had been in jail. "Debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45,402 N.E.2d 1189." State v. Ivory (Mar. 21, 2002), Cuyahoga App. No. 79722, reopening disallowed 2002-Ohio-6230, Motion No. 39591, at ¶ 11. As a consequence, Day's second assignment of error is not well-taken.
 {¶ 20} In his fourth assignment of error, Day argues that trial counsel was ineffective for failing to object to some of the prosecutor's statements during closing argument. Although Day purports to quote the prosecutor's remarks, he cites a page number which is higher than the total number of pages in the trial transcript. This court has been unable to locate the purported statements in the transcript.
 {¶ 21} Additionally, Day acknowledges that trial counsel did not object to the purported statements. "Thus if an error had been committed, such error had been waived and could only be reviewed on a plain error analysis. Such an argument could succeed only if there was a clear miscarriage of justice. State v. Underwood (1983), 3 Ohio St.3d 12,444 N.E.2d 1332." State v. Taylor (Oct. 17, 1996), Cuyahoga App. No. 69843, reopening disallowed (Oct. 20, 1999), Motion No. 5439, at 16, appeal dismissed (2000), 88 Ohio St. 3d 1413, 723 N.E.2d 119.
The conduct of a prosecuting attorney during the course of trial cannotbe made a ground for error unless that conduct deprived the defendant ofa fair trial. State v. Papp (1978), 64 Ohio App.2d 203, 412 N.E.2d 401.In addition, another factor to be considered in determining whether theprosecutor's actions constituted misconduct is whether the remarksprejudicially affected substantial rights of the defendant. State v.Smith (1984), 14 Ohio St.3d 13, 470 N.E.2d 883.
 {¶ 22} State v. Brooks (Aug. 15, 1985), Cuyahoga App. No. 48914, reopening disallowed (Nov. 9, 2000), Motion No. 19635, at 4, affirmed (2001), 92 Ohio St.3d 537, 2001-Ohio-1278, 751 N.E.2d 1040. In light of this court's review on direct appeal and conclusion that the verdict was not against the manifest weight of the evidence, we cannot conclude that the purported remarks resulted in a miscarriage of justice which would have required a different outcome on direct appeal. As a consequence, Day's fourth assignment of error is not well-taken.
 {¶ 23} In his fifth assignment of error, Day asserts that appellate counsel should have assigned as error that his trial counsel was ineffective for failing to move to suppress the admission into evidence of a gun and two bullets. He states that trial counsel did not challenge the ballistics tests of the gun found in Day's brother's home and the bullets removed from the victim. Day notes that the condition of one of the bullets prevented concluding that it was shot from the gun and the gun had been handled by several people. His arguments, however, merely challenge the weight of the evidence not the admissibility. Day has not asserted any ground which — if it had been asserted as part of a motion to suppress — would have required the trial court to prevent the admission into evidence of these exhibits. As a consequence, Day's fifth assignment of error is not well-taken.
 {¶ 24} In his sixth assignment of error, Day contends that appellate counsel was ineffective for failing to assign as error that his trial counsel was ineffective for failing to move for a jury instruction on a lesser included offense. Day was initially tried on charges of aggravated murder, attempted murder, felonious assault and having a weapon while under disability. He was acquitted of all charges except one because the jury deadlocked on the lesser-included offense of murder. His direct appeal arose from his conviction for murder upon retrial. Day merely states that the trial court did not give a proper instruction on murder. He does not, however, articulate the basis for this assertion. Day has not, therefore, established that appellate counsel was deficient or that he was prejudiced by the absence of this assignment of error. As a consequence, Day's sixth assignment of error is not well-taken.
 {¶ 25} In this application for reopening, Day has not presented a genuine issue whether he was deprived of effective counsel on appeal. Accordingly, the application for reopening is denied.
Rocco, J., Concurs.
 Corrigan, J., Concurs.