JOURNAL ENTRY AND OPINION
{¶ 1} In this application for reopening ("application"), filed pursuant to App. R. 26(B) and State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204, defendant, pro se, seeks to overturn the appellate judgment rendered by this court in State v. Lowe, (Sept. 2, 2004), Cuyahoga App. No. 82997 ("Lowe I").[1]
 {¶ 2} Before Lowe I, however, defendant was convicted in the trial court of aggravated robbery, (R.C. 2911.01), grand theft motor vehicle, (R.C. 2913.02), kidnapping, (R.C. 2905.01), and having a weapon under disability,[2] (R.C. 2923.13). His convictions for robbery and kidnapping each included a three-year firearm specification.
 {¶ 3} In Lowe I, defendant argued, among other things, that the "cold stand" identification of him as the assailant should have been suppressed. Defendant also argued that his convictions were not supported by sufficient evidence and that they were against the manifest weight of the evidence.
 {¶ 4} After review and oral argument, this court overruled all defendant's assignments of error. Accordingly, defendant's convictions and sentences were affirmed.
 {¶ 5} On December 13, 2004, defendant filed the instant Application, in which he argues that his appellate counsel in Lowe I was ineffective. According to defendant, his counsel on appeal failed to raise certain issues, namely, improper comments by the trial court, allowing the state to argue facts not in evidence at trial, and that his trial counsel was ineffective.
 {¶ 6} Before turning to the merits of defendant's Application, however, we first address the state's argument that defendant's Application is untimely.
 {¶ 7} Applications filed pursuant to App.R. 26(B)(1) and (2)(b) claiming ineffective assistance of appellate counsel must be filed within ninety days from the date an appellate court journalizes its decision in a defendant's direct appeal unless he shows good cause for filing at a later time.
 {¶ 8} In the case at bar, Lowe I was journalized on September 13, 2004. Defendant's instant Application was not filed until December 13, 2004, ninety-one days after this court affirmed his convictions. Thus, the Application is untimely on its face.
 {¶ 9} Erroneously, defendant asserts that his Application is timely. By doing so, defendant fails to include any explanation for his untimely delay in filing the Application. The failure to demonstrate good cause for an untimely application to reopen a prior appellate judgment warrants dismissal of that application. State v. Ballinger, Cuyahoga App. No. 79974, 2003-Ohio-145, at ¶ 3.
 {¶ 10} Accordingly, defendant's Application can be dismissed for his failure to demonstrate good cause.
 {¶ 11} Alternatively, defendant's Application can also be dismissed under the principles of res judicata. A claim of ineffective appellate counsel must be raised at the defendant's earliest opportunity. State v.Johnson, (Aug. 8, 2000), Cuyahoga App. Nos. 55295, 55811 and 55812, Motion No. 16591, 2000 Ohio App. LEXIS 3617, at *3 and *4, citing Statev. Williams (1996), 74 Ohio St.3d 454, 659 N.E.2d 1253. The doctrine of res judicata bars further litigation of issues which were raised previously or could have been raised previously in an appeal. State v.Day, Cuyahoga App. No. 79368, 2005-Ohio-281, at ¶ 9.[3] The doctrine will not be applied, however, "unless circumstances render the application of the doctrine unjust." State v. Murnahan (1992),63 Ohio St.3d 60, 66, 584 N.E.2d 1204.
 {¶ 12} After Lowe I was decided, defendant appealed to the Ohio Supreme Court. That appeal was denied. "Since the Supreme Court of Ohio dismissed [applicant's] appeal * * *, the doctrine of res judicata now bars any further review of the claim of ineffective assistance of counsel." State v. O'Neal, Cuyahoga App. No. 83393, 2005-Ohio-3568, at ¶ 3, citing State v. Coleman (Feb. 15, 2001), Cuyahoga App. No. 77855. This court finds nothing unjust in applying the doctrine of res judicata to the claims defendant presents in his Application.
 {¶ 13} Finally, even if defendant's Application were timely filed and not barred by res judicata, we would still overrule his assignments of error, the first of which states:
I. APPELLANT's RIGHT TO A FAIR TRIAL AND TO DUE PROCESS OF LAWWAS VIOLATED BY IMPROPER COMMENTS BY THE TRIAL COURT.
 {¶ 14} Defendant argues that he received ineffective appellate counsel because his attorney failed to raise certain issues in Lowe I.
 {¶ 15} To demonstrate ineffective counsel on appeal, a defendant "must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense." State v. Smith, Cuyahoga App. No. 79301, 2002-Ohio-6620, at ¶ 5, citing Strickland v. Washington
(1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052.
 {¶ 16} In order to show prejudice, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt about his guilt." Id. at 695. In determining whether a defendant has been prejudiced by his appellate counsel's representation, the court "must consider the totality of the evidence before the judge or jury." Id. A defendant has the burden of establishing "that there is a genuine issue as to whether there was a `colorable claim' of ineffective assistance of counsel on appeal." Statev. Spivey, 84 Ohio St.3d 24, 25, 1998-Ohio-704, 701 N.E.2d 696.
 {¶ 17} It is well-settled that an appellate attorney has wide latitude and thus the discretion to decide which issues and arguments will prove most useful on appeal. Strickland, at ¶ 7. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Id.
 {¶ 18} In the case at bar, defendant claims that his appellate counsel in Lowe I should have argued the ineffectiveness of his trial counsel. According to defendant, his trial counsel should have objected to the court's comment that defendant had to subpoena witnesses for trial while implying that the state's witnesses were testifying voluntarily.[4]
 {¶ 19} There are five factors to be considered in determining whether a trial court's comments were prejudicial: (1) The burden of proof is placed on the defendant to demonstrate prejudice, (2) it is presumed that the trial judge is in the best position to decide when a breach is committed and what corrective measures are called for, (3) the remarks are to be considered in light of the circumstances under which they are made, (4) consideration is to be given to their possible effect on the jury, and (5) to their possible impairment of the effectiveness of counsel. State v. Wade (1978), 53 Ohio St.2d 182, 188, 373 N.E.2d 1244, vacated in part, Wade v. Ohio (1978), 438 U.S. 911, 98 S.Ct. 3138,57 L.Ed.2d 1157.
 {¶ 20} In the case sub judice, defense counsel did not object to the trial court's comments and defendant has, therefore, waived all but plain error. Wade, supra, at syllabus. In order to prevail under a plain error analysis, defendant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus.
 {¶ 21} In the instant case, defendant believes that the trial court's comments prejudiced him because the jury was given the impression that defense witnesses were less credible than the state's witnesses. We disagree.
 {¶ 22} The comments defendant complains of were made during and immediately after voir dire. Those comments are, in relevant part, as follows:
* * *
In a criminal case the State of Ohio is the plaintiff, they brought alawsuit. It's a criminal lawsuit through the grand jury, through anindictment process, that's the charging process. They have the burden ofproof. The defense doesn't have to prove they didn't do it.
* * *
Under our constitution, our forefathers set it up where we — the burdenof proof is on the government, the agents, to prove the government ofwhom the charges for whatever the crime is. Okay. If the government isthe plaintiff, they've got to do the burden. The defense doesn't have todo anything. If they want to bring evidence, they have the same subpoenapower and they could call the witnesses they want. They don't have to.Okay. It's just the same system. * * *
* * *
And in our system if the state brings the evidence, they have to proveit. And they have to call the witnesses and they have to prove it.
* * *
And then you'll hear the evidence. The state goes first because theyhave the burden of proof. They have to present evidence. They're the onesthat brought the lawsuit. They have to bring witnesses. It could be asmany witnesses, as many witnesses as they want. The other side has thesubpoena power which compels people to testify, whether they want to ornot. They have to come in and testify with a subpoena.
 Once the state has presented its case and offers any exhibits it mayhave to offer, then we shift to the defense. The defense has theopportunity to present any witnesses or exhibits it wants to, but itdoesn't have to. They have no burden of proof. They didn't suethemselves. So they don't have — they haven't sued anybody. They don'thave to bring forward any evidence if they don't want to.
Tr. at 95-96, 142-143.
 {¶ 23} From the record before this court, we do not find any error in the trial court's comments. Accordingly, we do not agree with defendant that the court's comments imply that the state's witnesses always appear voluntarily or that the comments would leave the jurors with the impression that defendant would have to force witnesses to come into court to testify on his behalf.
 {¶ 24} First, it is mere speculation to assume what the individual jurors may have understood from the court's comments. Defendant must do more than simply guess about the different interpretations available to any one juror.
 {¶ 25} Second, the court's remarks, taken as a whole, do no more than explain the state's burden of presenting evidence against the defendant through testimony. Moreover, the fact that the jury was told that the defendant can, but does not have to, compel witnesses merely reiterates the Sixth Amendment's Confrontation Clause, which states that, "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him." State v. Lazzaro, Cuyahoga App. No. 84956, 2005-Ohio-4118, at ¶ 6, citing Crawford v. Washington
(2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed. 2d 177, at syllabus.
 {¶ 26} Even if a juror interpreted the court's subpoena comment as defendant alleges, he has nonetheless failed to demonstrate how he was prejudiced or how the outcome of his trial would have been any different but for the remarks.
 {¶ 27} Further, had there been an error in the court's comments, that error was cured when the trial court instructed the jury to disregard any remark that could be viewed as the judge's view of the case. Tr. 433. The trial court instructed the jury that it was required to decide the case themselves based upon the law provided.
 {¶ 28} Accordingly, when we view the trial court's comments in their entirety and their possible effect on the jury, we find no plain error.
 {¶ 29} Next, defendant argues that he was prejudiced when the trial court did not allow his sole defense witness, Reginald Throwrer, to explain his testimony by using one of the state's exhibits, a diagram located in the courtroom. Defendant maintains that his witness was made to look inept to the jury because the state's witnesses were permitted to leave the witness stand to use the diagram.
 {¶ 30} In an attempt to demonstrate prejudice, defendant asserts that the judge had animosity towards Throwrer and the jury picked up on that attitude. Defendant also argues that the jury became confused by Throwrer's testimony since he could not use the exhibit.
 {¶ 31} On direct examination, Throwrer was asked where he was on the evening of January 6th when he spoke with defendant. When defense counsel asked the court whether Throwrer could step over to the diagram, the court said "no" and that Throwrer could simply tell the jury. Tr. 330. As Throwrer's testimony continued, it became evident that the area he was trying to describe was not on the state's exhibit. Since the location Throwrer was describing was not depicted on the state's exhibit, defendant cannot demonstrate that he was prejudiced or how the outcome of his trial would have been different had Throwrer been able to use the exhibit. We do not find plain error.
 {¶ 32} For all the foregoing reasons, defendant's first assignment of error is overruled.
II. APPELLANT'S RIGHT TO DUE PROCESS OF LAW WAS VIOLATED WHERE THEPROSECUTOR ARGUED FACTS NOT IN EVIDENCE TO THE JURY TO PREJUDICE THERESULTS OF THE PROCEEDINGS.
 {¶ 33} Defendant argues that during closing argument, the prosecutor made an improper comment alluding to the fact that defendant used a gun in the commission of his crimes in this case. The prosecutor stated that "[h]e ran, the very next thing was to run. He ran so he could get rid of the gun and anything else he might have had on him." Tr. 367.
 {¶ 34} Defendant argues that since no gun was ever recovered in this case, the prosecutor's comments were improper because they referred to facts not in evidence. Defendant argues that his counsel on appeal inLowe I was ineffective for not raising the firearm issue.
 {¶ 35} Again, defendant did not object and we, therefore, review this claimed error under a plain error standard.
 {¶ 36} Evidence may be direct or circumstantial. Moreover, "circumstantial evidence and direct evidence inherently possess the same probative value." State v. Tierney, Cuyahoga App. No. 78847, 2002-Ohio-2607, at ¶ 51, citing State v. Jenks (1991), 61 Ohio St.3d 259, 272,574 N.E.2d 492. Accordingly, a reasonable juror may draw inferences from circumstantial and direct evidence. Id.
 {¶ 37} In the case sub judice, the jury in Lowe I heard Xavier Morris' testimony that defendant robbed him at gunpoint. The jurors also heard that Morris gave an almost perfect description of defendant to police even before the "cold stand" identification. Morris told police that he was able to see defendant's face and that he was able to specifically identify the gun pointed at him as a .38 revolver.
 {¶ 38} From this evidence, the jury in Lowe I could easily infer that even though defendant was not armed when he was arrested, he must have disposed of the gun after he robbed Morris. Accordingly, we find no plain error in the prosecutor's comments. Defendant's second assignment of error is overruled.
III. APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL ATTRIAL.
 {¶ 39} Defendant says he received ineffective assistance of trial counsel because his trial counsel never objected to the issues described in Assignments of Error I and II. Defendant claims that his appellate counsel was ineffective for failing to raise the issue of his ineffective trial counsel in Lowe I.
 {¶ 40} Since we did not find plain error in either Assignments of Error I or II, the ineffective counsel issues raised in this assignment of error are now moot.
 {¶ 41} Defendant further argues that his trial counsel did not do enough to challenge Morris' "cold stand" identification of defendant as the man who robbed him. Defendant also claims that the trial court abused its discretion when it denied his motion to suppress Morris' "cold stand" identification of him. According to defendant, his appellate counsel was ineffective for failing to raise these issues in Lowe I.
 {¶ 42} Because defendant's appellate counsel did raise the reliability of Morris' "cold stand" identification in Lowe I and this court found no error in the trial court's denial of that motion, any issues related to the motion to suppress are now barred by the doctrine of res judicata.Day, supra.
 {¶ 43} Defendant's third assignment of error is overruled.
 {¶ 44} Defendant's application to reopen is hereby denied.
Judgment accordingly.
Celebrezze, JR., P.J., Concurs Cooney, J., Concurs.
[1] Lowe I was defendant's direct appeal to this court after he was convicted in the trial court. Many of the facts underlying this appeal are fully set forth in Lowe I. Those facts, therefore, will not be repeated here.
[2] The disability is for defendant's two prior convictions: drug abuse and attempted robbery.
[3] Discretionary appeal not allowed by State v. Day,105 Ohio St. 3d 1564, 2005-Ohio-2447, 828 N.E.2d 118.
[4] Defendant also claims that the trial court impermissibly told the jury that he could only be sentenced on one of the two kidnapping counts. Because defendant offers no explanation of how this comment prejudiced him, we do not address it.