JOURNAL ENTRY AND OPINION
{¶ 1} On August 10, 2006, Defendant Dwight Whatley filed a timely application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. Whatley, Cuyahoga App. No. 86267,2006-Ohio-2465. In that opinion, we affirmed Whatley's convictions for four counts of aggravated murder, two counts of aggravated burglary, six counts of aggravated robbery, and three counts of kidnapping, all with firearm specifications. However, this court vacated Whatley's sentence and remanded the matter for resentencing. On September 6, 2006, the State of Ohio submitted a memorandum in opposition to appellant's application for reopening of appeal and appellant's motion to extend page limit on his application for reopening of appeal. For the following reasons, we decline to reopen Whatley's appeal:
 {¶ 2} Initially we note that Whatley's affidavit which accompanies the application to reopen fails to comply with App.R. 26(B)(2) which provides, in part:
 {¶ 3} An application for reopening shall contain all of the following:
 * * *
(D) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and reference to the record * * *.
In his affidavit, Whatley simply avers that he was "wholeheartedly" denied the effective assistance of both appellate and trial counsel. Whatley does not state in what ways appellate counsel was deficient in respect to his assignment of errors. Whatley also failed to demonstrate how these claimed deficiencies prejudiced the outcome of his appeal. Accordingly, we must hold that in this case that Whatley's affidavit does not set forth "the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." Whatley's failure to comply with App.R. 26(B)(2)(d) is a sufficient basis for denying the application for reopening. State v. Day, Cuyahoga App. No. 79368, 2002-Ohio-669, reopening disallowed 2005-Ohio-281, Motion No. 357520. See also State v. Towns (Oct. 23, 1997), Cuyahoga App. No. 71244, reopening disallowed (May 4, 2000), Motion No. 306308.
 {¶ 4} Furthermore, the doctrine of res judicata prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust.State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 5} Herein, Whatley filed an appeal with the Supreme Court of Ohio which denied his request and dismissed the appeal. Because the issues of ineffective assistance of appellate counsel or the substantive issues listed in the application for reopening were raised or could have been raised, res judicata bars re-litigation of these matters. We further find that the application of res judicata would not be unjust.
 {¶ 6} Notwithstanding the above, Whatley fails to establish that his appellate counsel was ineffective. "In State v. Reed,74 Ohio St.3d 534, 1996-Ohio-21, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a `genuine issue' as to whether there was a `colorable claim' of ineffective assistance of counsel on appeal." State v. Spivey, 84 Ohio St.3d 24, 25, 1998 Ohio 704,701 N.E.2d 696.
 {¶ 7} Additionally, Strickland charges us to "appl[y] a heavy measure of deference to counsel's judgments," 466 U.S. at 91,104 S.Ct. 2052, 80 L.Ed.2d 674, and to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. At 689, 104 S.Ct. 2052,80 L.Ed.2d 674. Moreover, we must bear in mind that counsel need not raise every possible issue in order to render constitutionally effective assistance. See Jones v. Barnes, (1983),463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987; State v. Sanders
(2002), 94 Ohio St.3d 150, 151-152, 761 N.E.2d 18. Furthermore, debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton (1980),62 Ohio St.2d 45, 402 N.E.2d 1189. After reviewing Whatley's proposed assignments of error, we find that he has failed to raise a "genuine issue as to whether he was deprived of the effective assistance of counsel on appeal" as required by App.R. 26(B)(5).
 {¶ 8} In his first proposed assignment of error, Whatley asserts that his counsel was ineffective for failing to raise the issue of prosecutorial misconduct. In support of this argument, Whatley asserts that the prosecutor knowingly and willfully allowed a State witness to testify falsely; failed to disclose critical portions of a witness's testimony prior to trial; failed to provide defense counsel with the names of several allegedly material witnesses; used prior acts as evidence; and made an improper argument during closing argument.
 {¶ 9} A prosecuting attorney's conduct during trial does not constitute grounds for error unless the conduct deprives the defendant of a fair trial. State v. Keenan (1993),66 Ohio St.3d 402, 402-405, 613 N.E.2d 203; State v. Gest (1995), 108 Ohio App.3d 248, 257, 670 N.E.2d 536. After reviewing each instance of alleged prosecutorial misconduct, we cannot find that any of the proposed instances of alleged prosecutorial misconduct prevented Whatley from receiving a fair trial. In his second proposed assignment of error, Whatley argues that appellate counsel was ineffective for not arguing each instance that his trial counsel was ineffective. Whatley asserts that his trial counsel did not conduct a proper investigation prior to trial; failed to request a mistrial after a state's witness perjured himself; and was ineffective for failing to call any witnesses.
 {¶ 10} As we stated above, to establishing ineffective assistance of counsel, Whatley must demonstrate that his counsel was deficient and that he was prejudiced by counsel's deficiency.Spivey, supra. After reviewing each instance where Whatley asserts that counsel was ineffective, we find that Whatley failed to establish prejudice. In our original opinion, this court stated that the State presented overwhelming evidence of Whatley's guilt. In light of the overwhelming evidence presented against Whatley, we are not persuaded by any of Whatley's new arguments that had counsel raised these issues, he would have been successful on appeal.
 {¶ 11} In his last assignment of error, Whatly argues that the trial court failed to follow the legal and constitutional requirements of Crim.R. 24(H)(2)(c) and Crim.R. 30(A) when it gave jury instructions before closing argument and failed to sequester the jury after giving instructions. However, in both instances, we find that Whatley failed to establish how he was prejudiced.
 {¶ 12} Accordingly, the application for reopening is denied.
McMonagle, J., and Corrigan, J., concur.