DECISION
{¶ 1} On January 23, 2007, defendant-appellant, Reginald Lee, filed a pro se application to reopen his appeal pursuant to App.R. 26(B). He is attempting to reopen the appellate judgment issued by this court inState v. Lee, Franklin App. No. 06AP-226, 2006-Ohio-5951. In that appeal, defendant, through counsel, argued that his convictions for aggravated robbery and a firearm specification were not supported by sufficient evidence and were against the manifest weight of the evidence. This court disagreed and *Page 2 
affirmed defendant's convictions. The State of Ohio filed a memorandum in opposition to defendant's application. For the following reasons, we deny defendant's application.
 {¶ 2} Defendant seeks to reopen his appeal based on ineffective assistance of appellate counsel. In order to prevail on an application to reopen an appeal, the defendant must establish "a colorable claim" of ineffective assistance of appellate counsel. State v. Sanders (1996),75 Ohio St.3d 607. The defendant must set forth one or more errors or arguments omitted by appellate counsel and demonstrate that the appellate court did not consider these matters. App.R. 26(B)(2). The application will be granted where there is "a genuine issue as to whether the applicant was deprived of the effective assistance of counsel." App.R. 26(B)(5). In determining whether the applicant has established ineffective assistance of counsel, we apply the standard inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052;Sanders. Under Strickland, the defendant must show that counsel was deficient for failing to raise the issue he now presents and that there was a reasonable probability of success had that issue been presented on appeal. State v. Timmons (Jan. 19, 2006), Franklin App. No. 04AP-840 (Memorandum Decision).
 {¶ 3} It is well-settled that an appellate attorney has wide latitude and thus the discretion to decide which issues and arguments will prove most useful on appeal. State v. Lowe, Cuyahoga App. No. 82997,2005-Ohio-5986, at ¶ 17. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Id.
 {¶ 4} Defendant first claims that his appellate counsel was ineffective for failing to raise on appeal the trial court's decision to admit statements he made to the police. The defendant spoke twice with Detective William Hughes of the Columbus Police *Page 3 
Department. Detective Hughes testified that during their first meeting, at which defendant was questioned at police headquarters, he read the defendant his Miranda rights and that defendant agreed to talk to him. Defendant also signed a form indicating that he chose to waive his rights. During that questioning, defendant made statements to the detective after being confronted with evidence indicating his guilt. The defendant referred to himself as a "piece of shit," that "he was fucked," and that he would "suffer his lumps." Detective Hughes testified about these statements at defendant's trial.
 {¶ 5} A few days later, Detective Hughes met the defendant in jail after the defendant's girlfriend told the detective that the defendant wanted to talk again. At that meeting, the defendant told the detective that he had spoken to an attorney and that he no longer wanted to talk to him. The detective "lingered" in the room for a few minutes and, in that time, defendant made a statement that contradicted a previous statement he made in the first meeting.[1] The detective testified that the statement was not the result of questioning but was volunteered by the defendant. The trial court determined that this statement was volunteered by the defendant and, therefore, allowed the detective to repeat the statement at trial.
 {¶ 6} Defendant first contends that his appellate counsel was ineffective for failing to argue that the admission of the first set of statements violated Evid.R. 403(A) because the probative value of the statements was substantially outweighed by the danger of unfair prejudice. We disagree. A trial court has broad discretion in the admission or exclusion of evidence, and its decision in such matters will not be disturbed on appeal *Page 4 
absent an abuse of discretion. State v. Lowe (1994), 69 Ohio St.3d 527,532. An abuse of discretion requires more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Reiner (2000), 89 Ohio St.3d 342,356.
 {¶ 7} Defendant contends that the detective's testimony concerning his own statements was unfairly prejudicial. We disagree. Only in rare cases are an accused's own actions or language unfairly prejudicial. State v.Bailey, Franklin App. No. 04AP-553, 2005-Ohio-4068, at ¶ 11, citingState v. Fuller, Butler App. No. CA2000-11-217, 2002-Ohio-4110, at ¶ 13. This case is not the rare case where an accused's own language was unfairly prejudicial. Although the statements were unfavorable, there is a distinction between unfavorable and unfairly prejudicial. Id.;State v. Doyle (Mar. 28, 1997), Clark App. No. 96-CA-0038 (prejudicial evidence, in the sense that it helped to establish guilt, not unfairly prejudicial under Evid.R. 403[A]). The first set of statements were not misleading or confusing and they arguably demonstrated an admission of guilt and, therefore, were extremely probative. Thus, the trial court did not abuse its discretion by admitting these statements, and appellate counsel was not ineffective for failing to argue this issue in defendant's appeal.
 {¶ 8} Defendant also claims that his appellate counsel was ineffective for failing to argue that the trial court erred by admitting his second statement, because he did not voluntarily waive his right to counsel before he made the statement. Again, we disagree. The trial court admitted defendant's statement after factually finding that the defendant volunteered the second statement. When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve *Page 5 
factual questions and evaluate witness credibility. State v. Curry
(1994), 95 Ohio App.3d 93, 96. As such, we accept the trial court's findings of fact so long as they are supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594.
 {¶ 9} Detective Hughes testified that he went to talk to the defendant only after his girlfriend told him that the defendant wanted to talk. Detective Hughes testified that once he met with defendant, the defendant told him that he had an attorney and did not want to talk. Detective Hughes then stopped his questioning, and only after that did defendant make this statement. Defendant did not testify or argue otherwise. Thus, the trial court's finding that defendant volunteered the statement is supported by competent and credible evidence. This finding is fatal to defendant's claim. Statements volunteered by a defendant are not the result of an interrogation and, therefore, are not subject to suppression. See State v. Thomas, Franklin App. No. 02AP-778, 2003-Ohio-2199, at ¶ 25 ("Because the trial court reasonably could determine defendant's statement was volunteered, the trial court as a matter of law properly denied defendant's suppression motion.");State v. Arrone, Greene App. No. 2005 CA 89, 2006-Ohio-4144, at ¶ 103;State v. Moore (Dec. 31, 1997), Montgomery App. No. 16137.
 {¶ 10} Appellate counsel was not ineffective for failing to raise on appeal the trial court's decision to admit the statements he made to the police.
 {¶ 11} Finally, defendant claims that appellate counsel was ineffective for failing to raise on appeal whether he received ineffective assistance of trial counsel. Specifically, defendant claims that trial counsel was ineffective for failing to file a motion to suppress the identification of defendant as the person who robbed the restaurant. We disagree. *Page 6 
 {¶ 12} The failure to file a motion to suppress is not per se ineffective assistance of counsel. State v. Madrigal (2000),87 Ohio St.3d 378, 389, certiorari denied (2000), 531 U.S. 838, quotingKimmelman v. Morrison (1986), 477 U.S. 365, 384, 106 S.Ct. 2574;State v. Jordan (Feb. 14, 2002), Cuyahoga App. No. 79469. Failure to file a motion to suppress constitutes ineffective assistance of counsel only if, based on the record, the motion would have been granted.State v. Robinson (1996), 108 Ohio App.3d 428; see, also, State v.Blagajevic (1985), 21 Ohio App.3d 297, 299-300.
 {¶ 13} Before out-of-court identification testimony may be suppressed, the trial court must first find that the procedure employed was so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification. State v. Barnett (1990),67 Ohio App.3d 760, 767. The defendant has the burden to show that the identification procedure was unduly suggestive. State v. Harris, Montgomery App. No. 19796, 2004-Ohio-3570, at ¶ 19. If the defendant meets that burden, the court must then consider whether the identification, viewed under the totality of the circumstances, is reliable despite its suggestive character. Id., citing State v. Wills (1997), 120 Ohio App.3d 320, 324. If the pretrial confrontation procedure was not unduly suggestive, any remaining questions as to reliability go to the weight of the identification, not its admissibility, and no further inquiry into the reliability of the identification is required. Id. at 325; State v.Beddow (Mar. 20, 1998), Montgomery App. No. 16197.
 {¶ 14} There is nothing in the record indicating that the photo array used in this case was unduly suggestive. Defendant does not demonstrate how the identification procedure used by the police was unduly suggestive. His concerns about the identification go to the reliability, and thus the weight, of the identification. Thus, a motion *Page 7 
to suppress the witness's identification would not have been granted, and trial counsel was not ineffective for failing to file such a motion. Accordingly, appellate counsel was not ineffective for failing to raise the issue on appeal.
 {¶ 15} Defendant has failed to establish a colorable claim of ineffective assistance of appellate counsel. Accordingly, his application to reopen is denied.
Application denied. BROWN and FRENCH, JJ., concur.
[1] Specifically, the defendant first stated that he did not know the witness in this case. In the second meeeting, the defendant stated that he knew the witness. *Page 1