[Cite as *State v. Hubbard*, 2014-Ohio-122.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 11AP-945 |
| v. | : | (C.P.C. No. 10CR-09-5694) |
| Dawntwai M. Hubbard, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 16, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Dawntwai M. Hubbard*, pro se.

ON APPLICATION FOR REOPENING

CONNOR, J.

{¶ 1} Defendant-appellant, Dawntwai M. Hubbard ("defendant"), has filed an application, pursuant to App.R. 26(B), seeking to reopen his appeal resolved in this court's decision in *State v. Hubbard*, 10th Dist. No. 11AP-945, 2013-Ohio-2735. Plaintiff-appellee, the State of Ohio ("the State"), has filed a memorandum in opposition to defendant's application. Because defendant's untimely application fails to present a genuine issue that he was deprived of the effective assistance of appellate counsel, we deny his application to reopen.

{¶ 2} On September 27, 2010, defendant was indicted on charges of aggravated murder, attempted murder, murder, and felonious assault, all with firearm specifications. The charges arose from events which occurred near defendant's house on

September 18, 2010. Throughout the daytime hours on September 18, 2010, defendant's 14-year-old daughter and her friends engaged in numerous verbal and physical altercations with defendant's 19-year-old neighbor, Ravenna Bronaugh, and her group of friends. That evening, when defendant's daughter and her friends were inside defendant's house, Bronaugh and one of her friends left the group which had congregated near Bronaugh's front porch and walked to defendant's house, five houses north from Bronaugh's house. Bronaugh's friend picked up a cement block on the walk, and "threw it at [defendant's front] window and busted it." (Tr. 348.)

{¶ 3} Defendant testified that, after the cement block came through his window, he retrieved the gun which he had placed behind the mantel earlier in the day and walked out onto his porch. Defendant pointed his gun "[t]owards the group" of people standing in front of Bronaugh's house and fired five shots in rapid succession. (Tr. 224.) A neighbor who witnessed the event stated that defendant directed his shots "[d]own the street into [the] group," and did not point "the gun down" or "up in the sky." (Tr. 226-27, 246, 307-08.) Defendant testified that he had fired his gun "down towards the ground" in the direction of the abandoned house next door. (Tr. 1202-03.) Defendant stated that he did not intend to kill or harm anyone when he shot his gun. One of the bullets from defendant's gun hit Teddy McGrapth in the back, causing his death. Another bullet from defendant's gun hit Candace Keys in the foot and caused her injury. Both Keys and McGrapth had been standing with the group near Bronaugh's front porch. The jury found defendant guilty of attempted murder, felonious assault, and felony murder.

{¶ 4} In his direct appeal, defendant, through counsel, raised ten assignments of error. As relevant herein, defendant asserted that (1) the trial court denied him due process of law when the court failed to instruct the jury on the lesser-included offenses of involuntary manslaughter and reckless homicide, and (2) that the State violated his constitutional right to confront the witnesses against him. In our June 27, 2013 decision in *Hubbard*, this court overruled defendant's first nine assignments of error, but overruled in part and sustained in part the tenth assignment of error regarding defendant's sentence. Accordingly, we affirmed the judgment of the Franklin County

Court of Common Pleas in part, but vacated defendant's sentence and remanded the case for resentencing.

{¶ 5} Defendant filed the application for reopening on September 26, 2013. Defendant also filed an affidavit with his application, averring that the outcome of his direct appeal would have been different if his appellate attorney had presented the issues presented in the application to reopen. Defendant's application sets forth the following three assignments of error in support of his claim that appellate counsel was ineffective on direct appeal:

> [I.] THE DEFENDANT-APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO CROSS EXAMINE HIS ACCUSER.
>
> [II.] VIOLATION OF HUBBARD'S 6TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
>
> [III.] HUBBARD WAS DENIED DUE PROCESS OF LAW IN VIOLATION OF HIS 5TH AND 14TH AMENDMENT CONSTITUTIONAL RIGHTS WHEN THE TRIAL COURT FAILS TO INSTRUCT THE JURY ON THE LESSER INCLUDED CHARGES OF INVOLUNTARY MANSLAUGHTER AND RECKLESS HOMICIDE, AND THE EVIDENCE PRESENTED AT TRIAL SUGGESTED THAT DEFENDANT WAS ENTITLED TO THOSE INSTRUCTIONS.

{¶ 6} App.R. 26(B) allows applications to reopen an appeal from a judgment of conviction and sentence based upon a claim of ineffective assistance of appellate counsel. App.R. 26(B)(1) provides that an application for reopening shall be filed within 90 days from the journalization of the appellate judgment. The 90-day time frame for filing an application for reopening begins to run from the date the appellate judgment is filed. *State v. Dingess*, 10th Dist. No. 10AP-848, 2013-Ohio-801, ¶ 7.

{¶ 7} Our decision in *Hubbard* was journalized on June 27, 2013. Defendant filed his application for reopening on September 26, 2013, 92 days after the journalization of our decision in *Hubbard*.[1] App.R. 26(B)(2)(b) requires a showing of good cause for an untimely filing where the application is filed more than 90 days after

---

[1] Four days in June + 31 days in July + 31 days in August + 26 days in September = 92 days.

the journalization of the appellate judgment. *See also State v. Reddick,* 72 Ohio St.3d 88, 91 (1995) (noting that "[l]ack of effort or imagination, and ignorance of the law, are not such circumstances and do not automatically establish good cause for failure to seek timely relief"); *State v. Gumm,* 103 Ohio St.3d 162, 2004-Ohio-4755, ¶ 7 (noting that "[c]onsistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved"). Defendant has failed to demonstrate good cause for his untimely filing.

{¶ 8} Moreover, even if we were to find that defendant's untimely application was filed with good cause, we would find that the application fails on the merits as well. An application for reopening must set forth "[o]ne or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation." App.R. 26(B)(2)(c). The application must also contain a sworn statement setting forth the basis of the claim alleging that appellate counsel's representation was deficient and the manner in which the deficiency prejudiced the outcome of the appeal. App.R. 26(B)(2)(d). The application "shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

{¶ 9} To prevail on an application to reopen, defendant must make "a colorable claim" of ineffective assistance of appellate counsel under the standard established in *Strickland v. Washington,* 466 U.S. 668 (1984). *See State v. Lee,* 10th Dist. No. 06AP-226, 2007-Ohio-1594, ¶ 2, citing *State v. Sanders,* 75 Ohio St.3d 607 (1996). Under *Strickland,* defendant must demonstrate the following: (1) counsel was deficient in failing to raise the issues defendant now presents; and (2) defendant had a reasonable probability of success if the issue had been presented on appeal. *Id.,* citing *State v. Timmons,* 10th Dist. No. 04AP-840, 2005-Ohio-3991.

{¶ 10} An appellate attorney has wide latitude and the discretion to decide which issues and arguments will prove most useful on appeal. Furthermore, appellate counsel

is not required to argue assignments of error that are meritless. *Id.* at ¶ 3, citing *State v. Lowe,* 8th Dist. No. 82997, 2005-Ohio-5986, ¶ 17.

*Confrontation Clause*

{¶ 11} Defendant's first proposed assignment of error asserts that he was denied his Sixth Amendment right to cross-examine his accuser. Defendant asserts that "the admission of any evidence that defendant had shot Candice Keys was testimonial in nature and deprived Hubbard of his right to confront a witness against him when Keys was not called on as a witness to present this evidence." (Application for Reopening, 2.)

{¶ 12} Defendant raised this same argument in his direct appeal. *See Hubbard* at ¶ 28-31. There, we noted that the Confrontation Clause bars admission of testimonial statements of a witness who did not appear at trial, unless the witness is unavailable to testify and the defendant had a prior opportunity to cross-examine the witness. *Id.* at ¶ 29, quoting *Crawford v. Washington,* 541 U.S. 36, 53-54 (2004). In *Hubbard,* defendant asserted that Keys' hearsay statements were allowed into the record via testimony from other witnesses. We noted that defendant did "not provide a citation to the transcript to support this assertion, [did] not indicate what hearsay statements were allowed into the record, and fail[ed] to allege that such statements were testimonial." *Id.* at ¶ 30. Similarly, in his application for reopening, defendant fails to identify any specific testimonial statements from Keys which were allowed into the record. Accordingly, defendant's contentions regarding the Confrontation Clause have been addressed and rejected.

*Lesser-Included Offenses*

{¶ 13} Defendant's remaining proposed assignments of error concern the trial court's failure to instruct the jury on the lesser-included offenses of reckless homicide and involuntary manslaughter. Defendant asserts that his appellate counsel rendered ineffective assistance by (1) failing to assign trial counsel's ineffectiveness as an assignment of error, (2) failing to present an argument to support the fifth assignment of error in *Hubbard*, and (3) failing to assign the trial court's failure to instruct the jury on reckless homicide and involuntary manslaughter as an assignment of error.

{¶ 14} Defendant asserts that his trial counsel rendered ineffective assistance by failing to request jury instructions on the lesser-included offenses of involuntary

manslaughter and reckless homicide.  However, "[f]ailure to request instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel." *State v. Griffie*, 74 Ohio St.3d 332, 333 (1996) (noting that "[t]he record may reveal that trial counsel did not request a certain jury instruction, but, without more, the court of appeals would have to guess as to why trial counsel did not make the request").  Appellant must demonstrate that the failure to make the request resulted from a reason other than trial strategy. *State v. Ryan*, 10th Dist. No. 08AP-481, 2009-Ohio-3235, ¶ 79. *See also State v. Colvin*, 9th Dist. No. 26063, 2012-Ohio-4914, ¶ 15 (noting that "[a]lthough there is risk involved in not requesting an instruction on a lesser-included offense when the evidence supports it, the pay-off can also be substantial, that is, acquittal if the strategy prevails").

{¶ 15} In light of defendant's testimony indicating that he fired warning shots toward the ground and did not intend to harm anyone, defense counsel could have been pursuing a valid "all or nothing" strategy, and hoping to receive an acquittal on the felony murder charge.  Defendant fails to allege that his trial counsel's decision not to request a jury instruction on the lesser-included offenses was anything other than trial strategy.  Accordingly, defendant has not presented a colorable claim that his appellate counsel was ineffective in failing to assign trial counsel's ineffectiveness as an assignment of error.

{¶ 16} Defendant next asserts that his appellate counsel rendered ineffective assistance by failing to brief an argument to support the fifth assignment of error in *Hubbard*, which addressed the trial court's failure to instruct the jury on the lesser-included offenses of reckless homicide and involuntary manslaughter.  Defendant's appellate counsel failed to brief any argument to support the fifth assignment of error, in violation of App.R. 16(A)(7). *See Hubbard* at ¶ 33-34.  Although failing to brief an assigned error amounts to deficient performance, defendant has not established prejudice resulting from this deficient performance.

{¶ 17} In *Hubbard*, we thoroughly addressed defendant's fifth assignment of error as it related to reckless homicide.  We concluded that, although reckless homicide was a lesser-included offense of felony murder predicated on felonious assault, the trial court did not commit plain error by failing to instruct the jury on reckless homicide.  We

held that " '[s]hooting a gun in a place where one or more persons risk injury supports an inference defendant acted knowingly.' " *Id.* at ¶ 45, quoting *State v. Whatley*, 10th Dist. No. 95APA10-1375 (May 14, 1996). Although defendant asserted that he only fired warning shots and did not intend to harm anyone, there was no physical evidence to corroborate defendant's assertion. The record evidence did demonstrate that defendant had fired his gun in the direction of a group of people standing down the street from his house, and that bullets from his gun injured two separate people standing in that group. Accordingly, we concluded that "although defendant's testimony constituted some evidence which could support a conviction on reckless homicide, viewing the totality of the evidence presented at trial, * * * the jury could not reasonably have acquitted defendant on the felony murder charge." *Id.*

{¶ 18} As we addressed defendant's fifth assignment of error regarding reckless homicide, defendant was not prejudiced by his counsel's failure to brief an argument regarding that lesser-included offense. Additionally, for the reasons that follow, defendant has failed to demonstrate a reasonable probability of success on an appeal of the court's failure to instruct the jury on the lesser-included offense of involuntary manslaughter.

{¶ 19} An offense is a lesser-included offense of another where: (1) the offense carries a lesser penalty; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (3) some element of the greater offense is not required to prove commission of the lesser offense. *State v. Deem*, 40 Ohio St.3d 205, 209 (1988). The jury instruction on the lesser-included offense must be given when sufficient evidence is presented which would allow a jury to reasonably reject the greater offense and find the defendant guilty on a lesser-included offense. *State v. Shane*, 63 Ohio St.3d 630, 632-33 (1992).

{¶ 20} R.C. 2903.04 defines the crime of involuntary manslaughter, and provides that no person shall cause the death of another "as a proximate result of the offender's committing or attempting to commit a felony," or as the result of the offender committing or attempting to commit "a misdemeanor of any degree." R.C. 2903.04(A) and (B). Defendant was found guilty of felony murder predicated on the felony of felonious assault. R.C. 2903.02(B) provides, in relevant part, that "[n]o person shall

cause the death of another as a proximate result of the offender's committing * * * an offense of violence that is a felony of the first or second degree." *See also* R.C. 2903.11 (defining felonious assault). Thus, while felony murder requires a first or second degree felony as the predicate offense, any felony or misdemeanor can be the predicate offense for involuntary manslaughter.

{¶ 21} Defendant does not identify what predicate felony or misdemeanor he believes would support the involuntary manslaughter instruction. Defendant simply asserts that "[t]he jurors could have found Hubbard guilty of involuntary manslaughter if they had any doubt about Hubbard's purpose to kill but were reluctant to acquit." (Application to Reopen, 9.) As defendant has not identified what predicate offense he believes the involuntary manslaughter instruction should have been based on, we cannot determine whether involuntary manslaughter would be a lesser-included offense of felony murder in this case. Moreover, as the only other non-murder felony defendant was charged with was felonious assault, the jury could not have found defendant guilty of involuntary manslaughter predicated on felonious assault without also finding him guilty of felony murder predicated on felonious assault. *See State v. Meadows*, 9th Dist. No. 26549, 2013-Ohio-4271, ¶ 11.

{¶ 22} In conclusion, because defendant's proposed assignments of error are not well-taken, he has failed to meet his burden to demonstrate that there is a genuine issue as to whether he was deprived the effective assistance of appellate counsel. As such, we deny defendant's App.R. 26(B) application to reopen.

*Application for reopening denied.*

BROWN and KLATT, JJ., concur.

_____