OPINION
{¶ 1} Defendant-appellant, John W. Timmons, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas. Because appellant's convictions are supported by sufficient evidence and are not against the manifest weight of the evidence, we affirm that judgment.
 {¶ 2} In December 2003, Gloria Pietsch lived at a homeless camp along the Scioto River in Columbus, Ohio. Pietsch claimed she was physically and sexually assaulted by Danny Keen who also lived at the camp. Keen was charged with various offenses as a result of the alleged assault and a trial date was set. Pietsch was subpoenaed to testify at Keen's trial. Before the trial, however, in the early morning hours of February 9, 2004, Pietsch heard a knock on her apartment door. When she opened the door, a person with gloves and a hood or mask covering his face stood in front of her. The person called her a bitch and told her not to testify at Keen's trial. The person then stabbed Pietsch in the stomach and ran away. Although she could not see the attacker's face, Pietsch identified appellant as the person who stabbed her based on the attacker's eyes, voice, and height. She also recognized the leather gloves the attacker wore. Pietsch knew appellant from the Scioto River homeless camp, where appellant was known as "Johnny Blue Eyes."
 {¶ 3} Appellant was indicted for one count of felonious assault in violation of R.C. 2903.11 and one count of intimidation of a crime victim or witness in violation of R.C. 2921.04. Appellant pled not guilty to the charges and proceeded to a jury trial. A jury found appellant guilty of both charges and the trial court sentenced appellant accordingly.
 {¶ 4} Appellant appeals, assigning the following error:
The trial court erred when it entered judgment against the defendant when the evidence was insufficient to sustain a conviction and was not supported by the manifest weight of the evidence.
 {¶ 5} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. Statev. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus. Therefore, we will separately discuss the appropriate standard of review for each.
 {¶ 6} In State v. Jenks (1991), 61 Ohio St.3d 259, the Supreme Court of Ohio delineated the role of an appellate court presented with a challenge to the sufficiency of the evidence:
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * *
Id., at paragraph two of the syllabus.
 {¶ 7} Whether the evidence is legally sufficient is a question of law, not fact. Thompkins, at 386. Indeed, in determining the sufficiency of the evidence, an appellate court must "give full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v. Virginia (1979), 443 U.S. 307,319, 99 S.Ct. 2781. Consequently, the weight of the evidence and the credibility of the witnesses are issues primarily determined by the trier of fact. State v. Yarbrough, 95 Ohio St.3d 227, 2002-Ohio-2126, at ¶79; State v. Thomas (1982), 70 Ohio St.2d 79, 80. A jury verdict will not be disturbed unless, after viewing the evidence in the light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh
(2001), 90 Ohio St.3d 460, 484; Jenks, at 273.
 {¶ 8} In this appeal, appellant only questions the reliability and credibility of Pietsch's identification of appellant as her attacker. Pietsch identified appellant as the person who threatened and stabbed her when she was interviewed by a detective shortly after the attack. At trial, Pietsch also identified appellant as the person who attacked her. Pietsch indicated that she knew appellant from the Scioto River homeless camp. Although the attacker's face was largely covered, she could see the attacker's eyes. Pietsch recognized the attacker as appellant from his eyes, voice, and height. Viewed in a light most favorable to the state, this evidence is sufficient for a reasonable trier of fact to find that appellant was the person who threatened and assaulted Pietsch.
 {¶ 9} When presented with a challenge to the manifest weight of the evidence, an appellate court, after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Thompkins, supra, at 387, quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most "`exceptional case in which the evidence weighs heavily against the conviction.'" Id.
 {¶ 10} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial.State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The trier of fact is free to believe or disbelieve all or any of the testimony. State v. Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973;State v. Sheppard (Oct. 12, 2001), Hamilton App. No. C-000553. The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v. Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must also give great deference to the fact finder's determination of the witnesses' credibility. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 28; State v. Hairston, Franklin App. No. 01AP-1393, 2002-Ohio-4491, at ¶ 74.
 {¶ 11} Appellant argues that his convictions were against the manifest weight of the evidence because Pietsch's identification was neither credible nor reliable. Appellant notes that Pietsch drank a 12 pack of beer the night before this incident and had not gone to sleep until almost 4:00 a.m. Pietsch was awoken only a few hours later by a knock on the door and admitted that she was still drunk when she opened the door. The confrontation lasted only a few seconds and the person that attacked her had a hood of some sort covering his face. Appellant also points out that Pietsch never told the investigating detective about the attacker's blue eyes and yet her trial identification was based, in some part, on the attacker's eyes. Finally, appellant notes that while Pietsch's identification was also based on the attacker's voice, there was no evidence to indicate how long she had known appellant and whether she would be able to identify his voice.
 {¶ 12} The jury heard all of the testimony and obviously believed that Pietsch's identification of appellant was reliable and credible. Pietsch testified that she knew appellant from the Scioto River homeless camp where he was known as "Johnny Blue Eyes." Although the attacker wore some sort of hood or mask over his face, Pietsch testified that she was able to identify appellant by his eyes, voice, and height. The determination of weight and credibility of the evidence is for the trier of fact. Statev. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. None of the arguments advanced by appellant render Pietsch's identification so unreliable as to be not credible as a matter of law. The jury heard evidence concerning Pietsch's state of drunkenness when she was attacked and obviously still found that her identification of appellant was reliable and credible. This was within the province of the trier of fact. Appellant points out that during her interview by police after the attack, Pietsch failed to tell the detective about appellant's blue eyes. However, she used his nickname, Johnny Blue Eyes, to identify him and thereafter, when presented with a picture of appellant, she named him as her attacker. Her use of appellant's nickname obviously referred to appellant's blue eyes as an identifying feature. Pietsch testified that the eyes were cut out of the hood that covered the attacker's face which allowed her to see the attacker's eyes. We cannot say that the jury clearly lost its way when it believed Pietsch's identification of appellant as the person who attacked her even though she did not specifically mention appellant's blue eyes in her interview with police.
 {¶ 13} Finally, to the extent appellant argues that the state failed to lay a proper foundation for Pietsch's identification of appellant's voice, defense counsel failed to raise this objection at trial and therefore has waived all but plain error. State v. Cooper,147 Ohio App.3d 116, 2002-Ohio-617, at ¶ 43. Plain error exists where the outcome of the trial would clearly have been different but for the error. State v. Biros (1997), 78 Ohio St.3d 426, 431. The plain error rule must be applied with the utmost caution and invoked only under exceptional circumstances to prevent a manifest miscarriage of justice.State v. Noling (2002), 98 Ohio St.3d 44, 2002-Ohio-7044, at ¶ 62; Statev. Cooperrider (1983), 4 Ohio St.3d 226, 227.
 {¶ 14} Here, even if the state failed to lay the proper foundation for Pietsch's testimony identifying appellant's voice, Pietsch gave other reasons for her identification of appellant as the person who attacked her. Mainly, she recognized the attacker's eyes as those of appellant. But she also recognized appellant by his height. She also recognized the leather gloves the attacker wore. Given this testimony, we cannot say that the outcome of the case would clearly have been different had her testimony identifying appellant's voice not been admitted. Therefore, the lack of a proper foundation for Pietsch's identification of appellant's voice does not rise to the level of plain error.
 {¶ 15} In conclusion, the evidence was sufficient for a reasonable trier of fact to find appellant guilty of felonious assault and intimidation of a crime victim or witness and the jury did not clearly lose its way and create a manifest miscarriage of justice when it convicted appellant of those charges. Appellant's convictions are supported by sufficient evidence and are not against the manifest weight of the evidence. Appellant's lone assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown, P.J., and Bryant, J., concur.