OPINION
{¶ 1} Defendant-appellant, Deshawn L. Marshall, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas. Because appellant's convictions were not against the manifest weight of the evidence, we affirm that judgment.
 {¶ 2} On the morning of November 12, 2003, K.S.,[1]
then age 16, was attending an internship at the Columbus Alternative High School located in Columbus, Ohio. K.S. went outside of the building to smoke a cigarette. As she smoked her cigarette, a man approached her and began talking to her. K.S. did not recognize the man. K.S. became uncomfortable when the man asked her to perform a sexual act. K.S. got up and started to walk away. The man grabbed her and pushed her up against a wall. The force knocked K.S.'s glasses off her face.[2] The man was directly behind K.S. and forcibly held her against the wall. The man told K.S. not to scream and then placed his hand inside her pants. The man inserted his finger into K.S.'s vagina and used his other hand to masturbate. For some reason, the man stopped within a few minutes, handed K.S. her glasses, and then walked away.
 {¶ 3} K.S. ran into the school and informed school officials about what had just occurred. Columbus Police Officer Rozalia Dockery, a police officer assigned to the school, obtained a description of the assailant from K.S. Officer Dockery went outside but could not locate anyone matching the description. K.S.'s mother was called. K.S.'s mother picked up K.S. and took her to Children's Hospital. While at the hospital, Dr. Ellen McManus performed a sexual assault exam on K.S. The doctor discovered bruises on K.S.'s body that were consistent with the events described by K.S. The doctor also found two abrasions on K.S.'s vagina that were consistent with digital vaginal penetration.
 {¶ 4} A week later, K.S. was outside the school in her mother's car when she saw appellant and identified him as her assailant. K.S. rushed back to school and informed Officer Dockery that her assailant was outside the school. Appellant was subsequently arrested outside the school by Columbus police after K.S. again identified him as her assailant.
 {¶ 5} Appellant was indicted by a Franklin County Grand Jury with one count of kidnapping in violation of R.C. 2905.01, one count of gross sexual imposition in violation of R.C. 2907.05, and one count of rape in violation of R.C. 2907.02. Appellant entered a not guilty plea to the charges and proceeded to a jury trial.
 {¶ 6} At the trial, K.S. testified that appellant was the person who forced her up against a wall and raped her. Appellant testified that he had never seen K.S. before and that he did not rape her. The jury found appellant guilty of all counts and the trial court sentenced him accordingly.
 {¶ 7} Appellant appeals and assigns the following error:
I. THE VERDICT IN THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 8} In his sole assignment of error, appellant contends that his convictions were against the manifest weight of the evidence. The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. State v. Brindley,
Franklin App. No. 01AP-926, 2002-Ohio-2425, at ¶ 16. When presented with a challenge to the manifest weight of the evidence, an appellate court, after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."'State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quotingState v. Martin (1983), 20 Ohio App.3d 172, 175. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most "`exceptional case in which the evidence weighs heavily against the conviction."' Id.
 {¶ 9} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The trier of fact is free to believe or disbelieve all or any of the testimony. State v. Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973; State v. Sheppard (Oct. 12, 2001), Hamilton App. No. C-000553. The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. State v. Williams,
Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v.Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must also give great deference to the fact finder's determination of the witnesses' credibility. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 28; State v. Hairston, Franklin App. No. 01AP-1393, 2002-Ohio-4491, at ¶ 74.
 {¶ 10} Appellant first contends that his convictions were against the manifest weight of the evidence because K.S.'s testimony was not credible. Appellant notes that K.S. could not recall certain facts, such as whether the police car door was open or shut when the police asked her if she could identify appellant. Regardless of her inability to remember certain facts, K.S. was able to vividly recall the crucial events. She testified that appellant walked up to her and talked to her while she smoked a cigarette. When the conversation became sexual in nature, she began to walk away, at which point appellant grabbed her, forced her up against a wall and placed his hand into her pants. She testified that he then inserted his finger into her vagina and masturbated with his other hand. A week later, K.S. saw appellant outside the school and immediately identified him as the man who attacked her. Approximately two years later K.S. testified during appellant's trial. Her inability to remember every detail of events that occurred two years prior does not render her testimony unbelievable. See State v. Coppage,
Montgomery App. No. 19404, 2003-Ohio-2076, at ¶ 13 (officers' failure to remember certain facts seven months later does not render decision against manifest weight of evidence when officers testified to crucial facts).
 {¶ 11} Appellant also contends that K.S.'s identification of appellant as the man who attacked her was not credible because her glasses were knocked off during the attack. We disagree. While K.S.'s glasses were knocked off when she was forced into the wall, she testified that she was wearing her glasses before the attack and that she got a good look at appellant as he walked up and talked to her. She had ample opportunity, while wearing her glasses before the attack, to observe the man who attacked her. She testified that she was 100 percent certain that appellant was her assailant.
 {¶ 12} Neither of appellant's arguments renders K.S.'s testimony so unreliable as to be not credible as a matter of law. See State v. Timmons, Franklin App. No. 04AP8-40,2005-Ohio-3991, at ¶ 12. The jury was able to observe K.S. testify and obviously chose to believe her rather than the appellant. This was within the province of the jury. Id.
 {¶ 13} Appellant also claims that no other evidence corroborated K.S.'s version of events. We disagree. Dr. McManus performed a sexual assault examination of K.S. shortly after the rape. She testified that bruises on K.S.'s left side were consistent with an assailant forcibly placing his hand around her waist and down her pants. The doctor also testified that she found two small abrasions near K.S.'s vagina that were consistent with fingernail scratches resulting from digital vaginal penetration. Her testimony provides other evidence to corroborate K.S.'s claim that she was raped. Additionally, Dr. McManus, Officer Dockery, and K.S.'s mother each described how emotional and scared K.S. was after the attack.
 {¶ 14} Considering all the evidence, we conclude that the jury did not clearly lose its way when it convicted appellant. K.S. had ample opportunity to view the man who attacked her before her glasses were knocked off. She identified appellant as the man who attacked her. There was also independent physical evidence to corroborate her claim that she was raped. This is not the exceptional case in which the evidence weighs heavily against the convictions. Accordingly, appellant's convictions are not against the manifest weight of the evidence.
 {¶ 15} Appellant's lone assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
French and Travis, JJ., concur.
[1] To protect her identify, we will refer to the victim only by her initials.
[2] K.S. testified that she is nearsighted.