OPINION
{¶ 1} Defendant-appellant, Reginald Lee, appeals from a judgment of conviction and sentence imposed by the Franklin County Court of Common Pleas. Because his conviction is supported by sufficient evidence and is not against the manifest weight of the evidence, we affirm that judgment.
 {¶ 2} Taliha Loveless worked at a Subway restaurant in Canal Winchester, Ohio. On the night of November 4, 2005, Loveless' former boyfriend, George Hicks, came to the restaurant. He told her that a man named "Reggie" drove him to the restaurant. The next night, Hicks again was dropped off at the restaurant. While Loveless helped Hicks, a man holding a gun and wearing a ski mask partially covering his head, entered the restaurant. The man pointed the gun at Loveless, said something she could not understand, and walked toward the cash register. Because Loveless could not understand what the man was saying, the man pulled down the ski mask and told her to give him the money. Loveless opened the cash register and gave the man what money there was inside. The man then left the restaurant. The entire incident was captured on the restaurant's security cameras.
 {¶ 3} Shortly after the robbery, Detective Arthur Hughes of the Columbus Police Department met with Loveless and showed her photographs of six individuals, one being appellant. Loveless identified appellant as the man who robbed the restaurant. She remembered that the man was a black male in his forties who had a missing or rotten tooth as well as a scar on his cheek. Appellant was arrested and later interviewed by Detective Hughes. Detective Hughes stated that appellant admitted to dropping Hicks off at the Subway restaurant on the night of November 5, 2005, but denied any involvement in the robbery.
 {¶ 4} Appellant was subsequently indicted by a Franklin County Grand Jury with one count of aggravated robbery in violation of R.C. 2911.01, and two counts of robbery in violation of R.C. 2911.02. Each count also contained firearm specifications pursuant to R.C. 2941.141 and 2941.145.[1] Appellant entered a not guilty plea and proceeded to a jury trial. The jury found appellant guilty of all the charges and specifications and the trial court sentenced him accordingly.[2]
 {¶ 5} Appellant appeals and assigns the following error:
THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE APPELLANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 6} Appellant contends that his conviction was not supported by sufficient evidence and is against the manifest weight of the evidence. The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. State v. Thompkins (1997),78 Ohio St.3d 380, paragraph two of the syllabus. Therefore, we will separately discuss the appropriate standard of review for each.
 {¶ 7} In State v. Jenks (1991), 61 Ohio St.3d 259, the Supreme Court of Ohio delineated the role of an appellate court presented with a challenge to the sufficiency of the evidence:
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 {¶ 8} Id., at paragraph two of the syllabus.
 {¶ 9} Whether the evidence is legally sufficient is a question of law, not fact. Thompkins, at 386. Indeed, in determining the sufficiency of the evidence, an appellate court must "give full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v. Virginia (1979), 443 U.S. 307, 319,99 S.Ct. 2781. Consequently, the weight of the evidence and the credibility of the witnesses are issues primarily determined by the trier of fact. State v. Yarbrough, 95 Ohio St.3d 227,2002-Ohio-2126, at ¶ 79; State v. Thomas (1982),70 Ohio St.2d 79, 80. A jury verdict will not be disturbed unless, after viewing the evidence in the light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh
(2001), 90 Ohio St.3d 460, 484; Jenks, at 273.
 {¶ 10} In order to convict appellant of aggravated robbery, the State had to prove beyond a reasonable doubt that appellant, in attempting or committing a theft offense, or fleeing immediately after, displayed, brandished, or indicated possession of a deadly weapon. R.C. 2911.01(A)(1). To the extent appellant claims that his conviction is not supported by sufficient evidence, we disagree. At trial, Loveless described the robbery and identified appellant as the person who, at gunpoint, robbed the restaurant. In addition, the restaurant's security camera tape of the robbery was played to the jury. That tape shows a man robbing the restaurant at gunpoint. This evidence, viewed in a light most favorable to the state, is sufficient for a reasonable juror to find appellant guilty of aggravated robbery.
 {¶ 11} Appellant's manifest weight of the evidence claim requires a different review. The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other.State v. Brindley, Franklin App. No. 01AP-926, 2002-Ohio-2425, at ¶ 16. When presented with a challenge to the manifest weight of the evidence, an appellate court, after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."'Thompkins, supra, at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most "`exceptional case in which the evidence weighs heavily against the conviction."' Id.
 {¶ 12} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The trier of fact is free to believe or disbelieve all or any of the testimony. State v. Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973; State v. Sheppard (Oct. 12, 2001), Hamilton App. No. C-000553. The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. State v. Williams,
Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v.Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must also give great deference to the fact finder's determination of the witnesses' credibility. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 28; State v. Hairston, Franklin App. No. 01AP-1393, 2002-Ohio-4491, at ¶ 74.
 {¶ 13} Appellant claims that his conviction is against the manifest weight of the evidence because Loveless' identification was not reliable. He notes that the perpetrator wore a mask for a portion of the robbery, and that Loveless only saw the perpetrator for a short time without the mask. Appellant also points out that Loveless was scared during the robbery. We find these points unpersuasive.
 {¶ 14} Loveless had a clear opportunity to view the man who robbed the restaurant. The restaurant was well-lit and the perpetrator was very close to her. The perpetrator's ski mask did not cover his entire face, and the perpetrator later removed the mask exposing his face to Loveless. The restaurant's security cameras recorded the entire incident and supported Loveless' description of the robbery. The tape shows a man with an open ski mask robbing the restaurant at gunpoint. Also, Loveless twice identified appellant as the man who robbed the restaurant: once, shortly after the robbery, and then again at trial. She was confident of her identification. Appellant's arguments do not render Loveless' testimony and identification so unreliable as to be not credible as a matter of law. See State v. Timmons,
Franklin App. No. 04AP-840, 2005-Ohio-3991, at ¶ 12. The jury was able to observe Loveless testify and obviously chose to believe her. This was within the province of the jury. Id.
 {¶ 15} Appellant's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. Accordingly, appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown and French, JJ., concur.
[1] At trial, the State dismissed the R.C. 2941.141 firearm specifications.
[2] After merger, the trial court sentenced appellant only for the aggravated robbery and firearm specification convictions.