OPINION
{¶ 1} Defendant-appellant, Michael T. Womack, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas. Because the convictions are supported by sufficient evidence and are not against the manifest weight of the evidence, we affirm that judgment.
 {¶ 2} In the early morning hours of November 28, 2004, Sergeant Scott Bray of the Columbus Police Department was working undercover, patrolling the Short North/Ohio State University campus area. He observed three suspicious men, two younger men with an older man, walking in an alley. Sgt. Bray decided to follow them. Sgt. Bray observed the three men following another man, trying to ask him questions. Sgt. Bray's experience led him to believe that a crime was going to be committed, so he continued to follow the men. However, he subsequently lost visual contact.
 {¶ 3} Shortly thereafter, Sgt. Bray saw the three men running away. He called for help to catch the men. After a brief chase, all three men, appellant, Edward Stroupe and Robert Sherrills, were apprehended and placed into custody. The police recovered two $20 bills and an ATM receipt bearing Carl Frey's name. Sherrills also had a screwdriver.
 {¶ 4} Stroupe and Sherrills, both juveniles, testified that they were walking with appellant in the Short North/Ohio State University campus area looking for cars to steal. They saw Carl Frey walking home and Stroupe asked him for directions to Neal Avenue. After Frey responded and began to walk away, appellant, Stroupe, and then Sherrills chased after him. Appellant caught up to Frey first and pretended that his cell phone was a gun. Sherrills placed a screwdriver at Frey's throat and forced him down to the ground. The three men demanded money, so Frey reached into his wallet and gave the men $40. The three men ran away and were subsequently apprehended.
 {¶ 5} A Franklin County Grand Jury indicted appellant on two counts of robbery in violation of R.C. 2911.02 and one count of kidnapping in violation of R.C. 2905.01. Stroupe and Sherrills were charged in juvenile court with various offenses arising out of the incident as well. Stroupe and Sherrills pled guilty to lesser offenses in exchange for their testimony against appellant. Appellant pled not guilty and proceeded to a jury trial. During the trial, Frey, Stroupe, and Sherrills described the robbery and appellant's involvement. Appellant's defense counsel argued that appellant was not involved in the robbery but was simply in the wrong place at the wrong time. The jury disagreed and found appellant guilty of all counts. The trial court sentenced him accordingly.[1]
 {¶ 6} Appellant appeals and assigns the following error:
 THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE APPELLANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 7} Appellant contends that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus. Therefore, we will separately discuss the appropriate standard of review for each.
 {¶ 8} In State v. Jenks (1991), 61 Ohio St.3d 259, the Supreme Court of Ohio delineated the role of an appellate court presented with a challenge to the sufficiency of the evidence:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Id., at paragraph two of the syllabus.
 {¶ 9} Whether the evidence is legally sufficient is a question of law, not fact. Thompkins, at 386. Indeed, in determining the sufficiency of the evidence, an appellate court must "give[ ] full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts ." Jackson v. Virginia (1979),443 U.S. 307, 319, 99 S.Ct. 2781. Consequently, the weight of the evidence and the credibility of the witnesses are issues primarily determined by the trier of fact. State v. Yarbrough, 95 Ohio St.3d 227, 2002-Ohio-2126, at ¶ 79; State v. Thomas (1982), 70 Ohio St.2d 79, 80. A jury verdict will not be disturbed unless, after viewing the evidence in the light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. State v.Treesh (2001), 90 Ohio St.3d 460, 484; Jenks, at 273.
 {¶ 10} In order to convict appellant of robbery, the state had to prove beyond a reasonable doubt that appellant, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, inflicted, attempted to inflict, or threatened to inflict physical harm on another, or used or threatened the immediate use of force against another. R.C. 2911.02. To convict him of kidnapping, the state also had to prove that appellant, by force, threat, or deception, removed another from the place where the other person is found or restrained the liberty of the other person, to facilitate the commission of any felony or flight thereafter. R.C. 2905.01(A)(2).
{¶ ll} Stroupe, Sherrills, and Frey all described during the trial how appellant stopped Frey and threatened Frey with what appellant pretended was a gun. Stroupe, Sherrills, and Frey further described how appellant participated in restraining Frey and in robbing him. This testimony, coupled with the testimony of the police officers involved, when viewed in a light most favorable to the state, is sufficient evidence for a reasonable juror to find appellant guilty of robbery and kidnapping.
{¶ l2} Appellant's manifest weight of the evidence claim requires a different review. The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. State v. Brindley, Franklin App. No. 01AP-926, 2002-Ohio-2425, at ¶ 16. When presented with a challenge to the manifest weight of the evidence, an appellate court, after " `reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." `Thompkins, supra, at 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most " `exceptional case in which the evidence weighs heavily against the conviction." ` Id.
{ ¶ 13} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial.State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The trier of fact is free to believe or disbelieve all or any of the testimony. State v. Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973;State v. Sheppard (Oct. 12, 2001), Hamilton App. No. C-000553. The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v. Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must also give great deference to the fact finder's determination of the witnesses' credibility. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 28; State v. Hairston, Franklin App. No. 01AP-1393, 2002-Ohio-4491, at ¶ 74.
{ ¶ 14} Appellant contends that his convictions were against the manifest weight of the evidence because Stroupe and Sherrills' testimony was not worthy of belief. We disagree. Appellant notes that Stroupe and Sherrills plea bargained for a reduced punishment in exchange for their testimony and claims that their testimony was conflicting. The jury was made aware of the plea bargains that Stroupe and Sherrills agreed to and the benefits they received as a result of those agreements. The jury was free to believe or disbelieve their testimony in light of those plea bargains and determine the weight such testimony was to be given. SeeState v. Lewis, Cuyahoga App. No. 81957, 2003-Ohio-3673, at ¶ 41. The jury obviously chose to believe their testimony that appellant was involved in the robbery and was not just an innocent bystander. That was within the jury's province. Appellant's arguments do not render their testimony so unreliable as to be not credible as a matter of law. SeeState v. Timmons, Franklin App. No. 04AP-840, 2005-Ohio-3991, at ¶ 12.
{ ¶ 15} As previously noted, Stroupe and Sherrills testified that appellant was the first to run after Frey when they saw him and that appellant pretended he had a gun to threaten Frey. Additionally, Frey testified that all three men were involved in the robbery and that he thought one of them had a gun under his clothes. Frey's testimony was largely consistent with the testimony of Stroupe and Sherrills. Sgt. Bray's testimony provides additional evidence that appellant was not just an innocent bystander to these crimes. Appellant fled the scene following the robbery and was apprehended shortly thereafter in the vicinity of the crime. This is not the exceptional case in which the evidence weighs heavily against the convictions. Appellant's lone assignment of error is overruled.
{ ¶ l6} Appellant's convictions are supported by sufficient evidence and are not against the manifest weight of the evidence. Accordingly, appellant's lone assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN and PETREE, JJ., concur.
[1] The two robbery charges were merged for sentencing. Appellant was sentenced to a seven-year prison term for the robbery conviction and a concurrent seven-year prison term for the kidnapping charge.