DECISION
{¶ 1} Defendant-appellant, Kevin G. Madden, Jr., filed an application pursuant to App. R. 26(B) seeking to reopen his appeal resolved in this court's decision in State v. Madden, Franklin App. No. 05AP-149,2006-Ohio-4224. Defendant originally filed a pro se application to reopen on October 6, 2006; his attorney filed an amended application on January 24, 2008. Because defendant's application fails to present a genuine issue of *Page 2 
whether he was deprived of effective assistance of appellate counsel, we deny his application to reopen.
 {¶ 2} By indictment filed July 18, 2003, defendant was charged with one count of aggravated murder with prior calculation and design, including a firearm specification, in the death of Tabari Patterson. Following multiple continuances, occasioned in part by defendant's request for a change of counsel, the charge was tried to a jury beginning January 10, 2005. During the course of the trial, counsel for the parties discussed jury instructions with the trial court and tentatively concluded the jury should be instructed on the lesser included offense of murder, as well as the affirmative defense of self-defense. At the conclusion of the evidence, defendant further requested an instruction on felonious assault, voluntary manslaughter, and involuntary manslaughter. The trial court refused the additional instructions. The jury returned a verdict of not guilty on the indicted charge, but guilty of the lesser included offense of murder and the firearm specification. The trial court sentenced defendant to 15 years to life, plus three years for the firearm specification.
 {¶ 3} In his appeal, defendant argued both that the trial court erred in failing to instruct the jury on voluntary manslaughter and that his conviction is against the manifest weight of the evidence. This court disagreed and affirmed defendant's convictions. The Ohio Supreme Court declined to review defendant's appeal of our decision. See State v.Madden, 112 Ohio St.3d 1442, 2007-Ohio-152.
 {¶ 4} App. R. 26(B) permits applications to reopen an appeal from a judgment of conviction and sentence based upon a claim of ineffective assistance of appellate counsel. An application for reopening must set forth "[o]ne or more assignments of error *Page 3 
or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation[.]" App. R. 26(B)(2)(c). The application "shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App. R. 26(B)(5).
 {¶ 5} In order to prevail, defendant must establish "a colorable claim" of ineffective assistance of appellate counsel under the standard set forth in Strickland v. Washington (1984), 466 U.S. 668. State v.Lee, Franklin App. No. 06AP-226, 2007-Ohio-1594, at ¶ 2, citingState v. Sanders (1996), 75 Ohio St.3d 607. Strickland requires the defendant to demonstrate (1) counsel was deficient for failing to raise the issue defendant now presents and (2) defendant had reasonable probability of success if the issue were presented on appeal.Lee, supra, citing State v. Timmons, Franklin App. No. 04AP-840,2005-Ohio-3991.
 {¶ 6} In his pro se application, defendant proposes two assignments of error:
 ASSIGNMENT OF ERROR PART (1)
 WHETHER APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED HIM UNDER THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION WHEN APPELLATE COUNSEL FAILED TO SUBSTANTIATE HIS CLAIM THAT THE TRIAL COURT FAILED TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF VOLUNTARY MANSLAUGHTER, WITH THE NECESSARY EVIDENCE FROM THE TRANSCRIPT.
 ASSIGNMENT OF ERROR PART (2)
 WHETHER APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED HIM UNDER *Page 4 
THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION WHEN APPELLATE COUNSEL FAILED TO RAISE THE FOLLOWING ISSUES AS ASSIGNMENTS OF ERROR: (2)(A) The Violation of Defendant's Confrontation Clause Right; (2)(B) Ineffective Assistance of Trial Counsel; (2)(C) Prosecutor Misconduct; and (2)(D) Abuse of Discretion.
 {¶ 7} In his amended application, defendant proposes two assignments of error:
 PROPOSED ASSIGNMENT OF ERROR I
 IT CONSTITUTED PLAIN ERROR TO PERMIT THE PROSECUTOR TO IMPEACH DEFENDANT WITH A POLICE REPORT CONTAINING TESTIMONIAL HEARSAY INFORMATION NOT PROVIDED BY DEFENDANT WHICH VIOLATED DEFENDANT'S SIXTH AMENDMENT RIGHT TO CONFRONTATION.
 PROPOSED ASSIGNMENT OF ERROR II
 IT CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL FOR DEFENDANT'S TRIAL COUNSEL NOT TO HAVE OBJECTED TO THE IMPROPER IMPEACHMENT OF DEFENDANT WITH A POLICE REPORT MADE BY DEFENDANT'S MOTHER AND TO HAVE STIPULATED TO ADMISSION OF SAID REPORT.
 {¶ 8} While defendant's motion to amend his application for reopening acknowledged his amended application omitted some grounds presented in the pro se application, we discuss all issues raised in both the pro se and amended applications in the interest of finality. As defendant's pro se and amended assignments of error overlap in part, we address the issues raised in the assignments of error, rather than individually addressing each assigned error. The assignments of error collectively raise three issues regarding the performance of appellate counsel: (1) whether appellate counsel properly supported defendant's contention that the trial court erred in refusing to instruct the jury on voluntary manslaughter, (2) whether appellate counsel was ineffective for failing to *Page 5 
assign as error the state's using a police report both for impeachment purposes and as evidence, and (3) whether appellate counsel was ineffective for failing to assign as error prosecutorial misconduct or court abuse of discretion.
I. Voluntary Manslaughter Charge {¶ 9} In his direct appeal, defendant assigned as error the trial court's refusal to instruct the jury on the lesser included offense of voluntary manslaughter. Although appellate counsel raised the issue in defendant's direct appeal, we rejected defendant's contentions, noting that because the victim's threats against defendant sufficiently preceded the killing to allow for a cooling-off period, they failed to satisfy the provocation aspect of voluntary manslaughter. Moreover, we observed, defendant's own testimony indicated his mental state at the time of the shooting did not constitute sudden passion or rage, as required for a jury instruction on voluntary manslaughter.
 {¶ 10} In his pro se application, defendant claims his appellate counsel failed to include key sections of defendant's testimony in his brief; defendant claims the missing statements demonstrate he was "upset or in other words angry" after the victim shot at him. (Pro Se Application, 3.) In the testimony defendant points to, however, he states that he was "scared" and "more nervous." (Tr. 406.) Seizing upon his testimony that he was nervous, defendant then relies upon a series of dictionary definitions and synonyms to reach the conclusion that he was upset and angry at the time of the shooting.
 {¶ 11} Defendant's contentions are unavailing. In defendant's direct appeal, we reviewed all the evidence presented at trial, including transcripts of all testimony. Because we independently examined the record in its entirety, defense counsel's failure to point to *Page 6 
certain portions of defendant's testimony, even if significant, did not impact our understanding of the facts. In reality, the testimony defendant points to fails to demonstrate his mental state at the time of the shooting met the requirements for voluntary manslaughter. Defendant described the shooting as "traumatic" and "emotional," but he never testified he was provoked, or under the influence of sudden passion or a fit of rage. (Tr. 398, 411.) Absent such evidence, a voluntary manslaughter instruction is not justified. See State v. Collins (1994),97 Ohio App.3d 438, appeal not allowed, 70 Ohio St.3d 1440. Appellate counsel was not ineffective in the manner he presented the issue on appeal.
II. Use of the Police Report {¶ 12} Defendant's first amended assignment of error contends that impeaching defendant with the police report constituted plain error, as the report contained testimonial hearsay information. Similarly, in his pro se application, defendant maintains his Sixth Amendment confrontation rights were violated when trial counsel, after stipulating to the admissibility of the report, failed to cross-examine defendant's mother. Defendant asserts appellate counsel was ineffective in failing to raise both issues.
 {¶ 13} At trial, defendant testified to support his contention the shooting occurred in self-defense. In particular, defendant testified about a previous occasion where the victim shot at defendant's car, leaving a bullet hole in the car's license plate. The evidence also revealed a subsequent incident where defendant's car was vandalized. The prosecution impeached defendant's testimony about the shooting incident by referring to a police report regarding the vandalism. The parties disagree about who made the police *Page 7 
report and when. Defendant claims his mother provided the information in the police report several weeks after the vandalism occurred and, at that time, made incorrect statements to the reporting officer about the bullet hole. In contrast, the state argued the report shows it was taken just ten minutes after defendant's car was vandalized, not a week later. The copy of the report entered into evidence supports the state's contentions.
 {¶ 14} Moreover, defendant's testimony may indicate the police report concerning the vandalism contains information about the license plate bullet hole that defendant provided. After directing defendant's attention to the report, the prosecution asked if the vandalism report describes "the time you're talking about where you told them that Tabari shot your plate?" (Tr. 425.) Defendant answered yes, and added the police went to his car, "looked at the hole" and "continued to write things down." Id. at 426. Defendant went on to testify he told the detective investigating Tabari's killing to "please talk to those police because I did make them aware of this incident that happened." Id. Such testimony may be interpreted to suggest defendant was at the scene when the vandalism report was taken and provided information to the police officers at that time about the bullet hole in his car's license plate. If this be the case, the prosecution did not impermissibly impeach defendant with his mother's out-of-court statements, but with defendant's own prior inconsistent statement.
 {¶ 15} Even if the police report contain the hearsay statements of defendant's mother, the error was harmless because the evidence overwhelmingly demonstrated defendant's self-defense defense lacks evidentiary support. To establish a claim of self-defense, a defendant must prove the following: (1) the defendant was not at fault in *Page 8 
creating the situation giving rise to the affray; (2) the defendant had a bona fide belief he was in imminent danger of death or great bodily harm and his only means of escape from such danger was in the use of such force; and (3) the defendant must not have violated any duty to retreat or avoid the danger. State v. Robbins (1979), 58 Ohio St.2d 74, paragraph two of the syllabus. Since Ohio has a subjective test to determine whether a defendant acted in self-defense, the defendant's state of mind is crucial. State v. Koss (1990), 49 Ohio St.3d 213, 215. The elements of self-defense are cumulative, so a claim of self-defense is defeated when the defendant fails to prove by a preponderance of the evidence any one of the elements of the defense. State v. Johnson, Franklin App. No. 06AP-878, 2007-Ohio-2792.
 {¶ 16} Defendant argues the prosecution undercut his self-defense claim when it impeached him with the police report, using the inconsistencies in the police report to make him "look like a liar." (Amended Application, 5.) Defendant contends the victim's prior threats and violence directed toward defendant were important links establishing that he acted in self-defense. He asserts the jury thought the prior occurrences significant, since they asked a question about one of the incidents during deliberations.
 {¶ 17} Defendant's contentions are without merit, as the evidence against self-defense, even from defendant's own testimony, was overwhelming. According to the evidence, defendant shot an unarmed victim four times at close range, with one of the bullets striking the victim from behind and another hitting him in the top of the head. Defendant failed to prove retreat was not possible, a required element in the legitimate use of deadly force. Indeed, defendant testified that, after confronting defendant, the *Page 9 
victim walked to the victim's car to retrieve a gun. During the interval, which according to defendant was brief, defendant made no attempt to flee. Instead, defendant chose to act upon the conviction he formed after his uncle was killed: "[I]f I was faced with a situation where I had to shoot, I would shoot." (Tr. 395.) While defendant claims the victim shot first, no weapon was found near the victim. The circumstances of the killing invalidate any claim of self-defense in this case, and the prosecution's using the police report thus did not prejudice defendant. Defendant failed to show appellate counsel was ineffective regarding the police report.
III. Prosecutorial and Trial Court Misconduct {¶ 18} Defendant also asserts his appellate counsel was ineffective in failing to claim prosecutorial misconduct and trial court abuse of discretion. Defendant's assignment of error lacks merit, as the record fails to support it.
 {¶ 19} Citing to State v. Smith (1984), 14 Ohio St.3d 13 for support, defendant complains his constitutional rights were violated because the prosecution alluded to defendant's invoking his right to remain silent. He refers to questions the prosecution posed during defendant's cross-examination, where the prosecution sought to highlight discrepancies between defendant's in-court testimony and defendant's interview with police. Specifically, the prosecution asked defendant why he did not provide police with information crucial for a self-defense claim during his initial interview. At trial, defendant said he omitted that information because police told him security cameras recorded the shooting, and he believed the videotapes would support his self-defense claim. *Page 10 
Defendant testified he gave more information to police once he learned no recordings of the shooting existed.
 {¶ 20} The prosecution does not violate defendant's right to remain silent where, on cross-examination, it points out differences between defendant's testimony and a previous interview. State v. Kling, Butler App. No. CA2003-08-191, 2004-Ohio-3911, citing State v. Osborne (1977),50 Ohio St.2d 211, abrogated on other grounds, Osborne v. Ohio (1978),438 U.S. 911, citing Lockett v. Ohio (1978), 438 U.S. 586. See, also,State v. Gillard (1988), 40 Ohio St.3d 226, abrogated on other grounds,State v. McGuire (1997), 80 Ohio St.3d 390 (concluding that what a defendant says or omits to say is to be viewed on its merits or demerits, and not on some artificial standard that permits only the portion that assists the defendant to be mentioned). Moreover, defendant's reliance upon Smith is misplaced. Smith addressed blatantly inappropriate remarks the prosecution made during closing argument when it clearly expressed personal opinions about the defendant's guilt and expressly described the defendant's evidence as lies. Here, the prosecution merely pointed out differences in the statements defendant made to police and never voiced a personal opinion about the veracity of defendant's statements.
 {¶ 21} Defendant also maintains the trial judge improperly withheld evidence the jury requested during deliberations. Defendant claims the jury, while deliberating, requested a copy of the report defendant's mother filed with police, admitted into evidence through the parties' stipulation. Defendant's contention is factually inaccurate.
 {¶ 22} During his testimony, defendant described an incident where police stopped him for a traffic violation, sometime after shots were fired at defendant's car and the car *Page 11 
was vandalized. During the traffic stop, the police allegedly found a weapon in his car, and defendant explained he carried it because he feared the victim. The jury wanted to know the date of the incident and asked to see the police report concerning it. The judge properly refused this request, as that police report, unlike the report defendant's mother filed, was not admitted into evidence and thus could not be made available to the jury. Because the record does not support defendant's contentions that the trial court abused its discretion or the prosecution engaged in misconduct, defendant's appellate counsel was not ineffective for failing to raise the issues.
 {¶ 23} For the reasons stated, none of the issues defendant sets forth in his applications raise a colorable claim of ineffective assistance of appellate counsel. Accordingly, we deny defendant's applications.
Applications for reopening denied.
 PETREE and SADLER, JJ., concur. *Page 1