OPINION
{¶ 1} Defendant-appellant, Tyrone Thompson, Jr., appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm that judgment.
 {¶ 2} On the morning of January 5, 2006, Patrick Balling was asleep in his house located at 287 South Harris Avenue in Columbus, Ohio. Also in the house that morning were Balling's two children, his girlfriend, his uncle, Larry Burns, and his wife. At 2:00 a.m., a loud noise awoke Balling. He ran downstairs and saw an unknown man inside his *Page 2 
house. The man turned toward Balling and pointed a gun at him. The two began to struggle. Balling was able to force the man out of his house and to close the front door. The man attempted to push through the door but failed. Balling then heard gunshots coming through the front window. The gunshots continued down the side of his house.
 {¶ 3} Balling grabbed his own gun and ran to the back of the house to find the man. He did not see anyone. He then ran out to the front of the house, where neighbors told him the man ran down the side of the house. Balling ran down the side of the house again but did not see the man. He heard tires squealing away, so he went back inside the house and called the police at approximately 2:14 a.m. Once inside the house, Balling discovered that his uncle had been shot in the knee.
 {¶ 4} At 2:05 a.m., Columbus Police Officer Linda Gibson responded to a shots-fired call from a home at 234 South Warren Avenue. The homes on South Warren back up to the back of the homes on South Harris. As Officer Gibson drove west on Sullivant Avenue to the home, she observed an erratic driver eastbound on Sullivant Avenue a short distance from the shooting scene. She decided to follow the driver. After a short chase, the driver lost control of the car and hit a tree, coming to rest against an electrical pole. This occurred at approximately 2:08 or 2:09 a.m. A handgun was found on the ground next to the car outside of the open passenger window. Officer Gibson found appellant in the car, bleeding and almost unconscious.
 {¶ 5} A description of the individual who had been involved in the shooting at Balling's home was aired over the police radio. Officer Gibson and her sergeant asked for Balling to be brought to the scene of the crash because they thought the driver of the car matched that description. Balling was brought to the scene and identified appellant as *Page 3 
the man who broke into his house and fired shots into his house. Appellant was taken to the hospital for treatment and then arrested.
 {¶ 6} As a result of these events, a Franklin County grand jury indicted appellant with one count of aggravated burglary in violation of R.C. 2911.11, one count of felonious assault of Larry Burns in violation of R.C. 2903.11, one count of improperly discharging a firearm at or into a habitation in violation of R.C. 2923.161. Each of these counts contained a firearm specification pursuant to R.C. 2941.145. Appellant was also charged with one count of having a weapon while under disability in violation of R.C. 2923.13. Appellant entered a not guilty plea and proceeded to a jury trial. The jury found appellant guilty of each count and the attendant specifications. The trial court also found appellant guilty of the weapon under disability count. The trial court sentenced appellant accordingly.
 {¶ 7} Appellant appeals and assigns the following errors:
 [1] THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST APPELLANT ON THE CHARGE OF FELONIOUS ASSAULT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN SUCH A CONVICTION AND THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN THE STATE FAILED TO ESTABLISH THE ESSENTIAL ELEMENTS OF THE CRIME.
 [2] THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL UNDER OHIO RULE OF CRIMINAL PROCEDURE 29 ON THE CHARGE OF FELONIOUS ASSAULT WHERE THERE WAS INSUFFICIENT EVIDENCE TO SUSTAIN SUCH A CONVICTION.
 [3] THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST APPELLANT ON ALL CHARGES BECAUSE THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. *Page 4 
 {¶ 8} Appellant's first and second assignments of error challenge the sufficiency and weight of the evidence supporting his conviction for felonious assault and will, therefore, be addressed together.
 {¶ 9} The Supreme Court of Ohio described the role of an appellate court presented with a sufficiency of the evidence argument in State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 {¶ 10} Whether the evidence is legally sufficient is a question of law, not fact. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Indeed, in determining the sufficiency of the evidence, an appellate court must give "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781. Consequently, when reviewing the sufficiency of the evidence, an appellate court must accept the fact finder's determination with regard to the credibility of the witnesses. State v. Yarbrough,95 Ohio St.3d 227, 2002-Ohio-2126, at ¶ 79; State v. Worrell, Franklin App. No. 04AP-410, 2005-Ohio-1521, at ¶ 41 ("In determining whether a conviction is based on sufficient evidence, we do not assess whether the evidence is to be believed, but, whether, if believed, the evidence against a defendant would support a conviction."). A jury verdict will not be disturbed unless, after *Page 5 
viewing the evidence in a light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh (2001), 90 Ohio St.3d 460, 484;Jenks, at 273.
 {¶ 11} In order to convict appellant of felonious assault, the State had to prove beyond a reasonable doubt that appellant knowingly caused or attempted to cause physical harm to Larry Burns by means of a deadly weapon. R.C. 2903.11(A). Appellant does not dispute that a gun constitutes a deadly weapon as defined by R.C. 2923.11(B). See, e.g.,State v. Easley, Franklin App. No. 07AP-578, 2008-Ohio-468, at ¶ 41. Appellant contends that the State failed to prove that he caused or attempted to cause Larry Burns physical harm. We disagree.
 {¶ 12} Balling identified appellant as the man who broke into his house and pointed a gun at him. Balling struggled face to face with the man and forced him out of the house. Shortly after, multiple shots were fired into Balling's house. Balling testified that after he attempted to find the man who shot into the house, he went back inside his house and discovered that Burns had been shot in the knee. Balling called 911 and told them that Burns had been shot in the knee. Columbus Police Officer Jason Garner responded to the home at South Harris and observed an apparent gunshot wound to Burns' left knee. The officer also obtained medical attention for Burns' gunshot wound. Finally, Mark Hardy, a Columbus Police Department criminalist, testified that the spent bullet casings found outside Balling's home were fired by the gun discovered next to appellant's car. This testimony is sufficient for a reasonable trier of fact to conclude that a gunshot fired by appellant hit Burns and caused him physical harm. *Page 6 
 {¶ 13} Appellant also contends in his first assignment of error that his felonious assault conviction is against the manifest weight of the evidence. We disagree.
 {¶ 14} When presented with a challenge to the manifest weight of the evidence, an appellate court, after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Thompkins, at 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most "`exceptional cases in which the evidence weighs heavily against conviction.'" Id.
 {¶ 15} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial.State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. State v.Williams, Franklin App. No. 02AP35, 2002-Ohio-4503, at ¶ 58. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must also give great deference to the fact finder's determination of the witnesses' credibility. State v.Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 28.
 {¶ 16} Appellant contends that because there was not sufficient evidence to support the felonious assault conviction, his conviction is also against the manifest weight *Page 7 
of the evidence. We have already determined that his felonious assault conviction was supported by sufficient evidence. More importantly, the manifest weight of the evidence indicates that appellant fired a number of shots into Balling's house and that one of them hit Burns in the knee. This is not a case where the trier of fact clearly lost its way and created a manifest miscarriage of justice. Appellant's felonious assault conviction is not against the manifest weight of the evidence.
 {¶ 17} Appellant's first and second assignments of error are overruled.
 {¶ 18} Appellant contends in his third assignment of error that all of his convictions were against the manifest weight of the evidence. In support of this assignment of error, appellant points out: (1) Balling's unreliable and inconsistent testimony, (2) the State's timeline of events, and (3) the lack of evidence linking the gun found outside of appellant's car to appellant. We find these points unpersuasive.
 {¶ 19} First, appellant claims that Balling provided inconsistent descriptions of the man who broke into his home. Specifically, appellant points out that Balling's description of the man's hats were inconsistent, his height estimate was wrong, and the clothing appellant had on did not match the clothing Balling thought the intruder was wearing. He also claims that Balling's testimony was unreliable because of facts he never disclosed until trial. Specifically, Balling allegedly never told anyone that appellant yelled during their struggle that he was going to kill him, or that he heard tires squealing away from his house after the intruder left.
 {¶ 20} We note that Balling's descriptions of the intruder and his clothing varied, and he apparently testified about certain facts that he had not previously disclosed. These discrepancies, however, do not render his testimony not credible as a matter of *Page 8 
law. State v. Bliss, Franklin App. No. 04AP-216, 2005-Ohio-3987, at ¶ 32 (inconsistencies in identification testimony does not render convictions against manifest weight). Neither would the inconsistencies by themselves render appellant's convictions against the manifest weight of the evidence. State v. Lee, Franklin App. No. 06AP-226,2006-Ohio-5951, at ¶ 12 (noting that a criminal defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial); State v. Smith, Franklin App. No. 04AP-726, 2005-Ohio-1765, at ¶ 27.
 {¶ 21} Additionally, because of counsel's effective cross-examination of Balling, the jury was aware of these inconsistencies and could evaluate his credibility in light of them. The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and to determine whether the witnesses' testimony is credible and what weight to give to any alleged inconsistencies. Columbus v. Dials, Franklin App. No. 04AP-1099,2005-Ohio-6305, at ¶ 73; see, also, State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v. Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. Notwithstanding Balling's varying descriptions of appellant, the jury obviously chose to believe his identification of appellant as the man who broke into his house, and we will not substitute our judgment for that of the trier of fact.State v. Day, Franklin App. No. 04AP-332, 2005-Ohio-359, at ¶ 17-19.
 {¶ 22} Finally, we note that the spent casings found outside of Balling's house were fired by the gun that was found lying on the ground next to appellant's car after the crash. This evidence supports Balling's identification of appellant as the man who broke into his house and fired shots into the house. *Page 9 
 {¶ 23} Second, appellant questions the State's timeline of the events that morning. Appellant contends that under the State's version, he had already crashed his car when the police were notified of the incident at Balling's house. The State's version also required the jury to believe that he left Balling's home in a car and that the shots-fired call made from 234 South Warren actually concerned shots fired at Balling's home. The State's timeline of events is entirely consistent with the evidence presented at appellant's trial.
 {¶ 24} Balling testified that at approximately 2:00 a.m., a loud noise woke him. He went downstairs to find appellant in his house with a gun. After a brief struggle, Balling forced appellant outside of the house. Shortly thereafter, shots were fired into Balling's house. It is reasonable to infer that these shots were the basis for the 2:05 a.m. shots-fired phone call from a neighbor. Balling then testified that he looked for the intruder but only heard tires squealing away. Appellant contends that this testimony is not credible because Balling never told anyone about tires squealing away from this house. The jury was aware of this fact and obviously chose to believe this aspect of his testimony. That decision was within the province of the jury, who is free to believe all or any of Balling's testimony. Lee at ¶ 12 (trier of fact free to believe or disbelieve all or any of the testimony). We will not substitute our judgment for that of the trier of fact.
 {¶ 25} Minutes after the call of shots fired, Officer Gibson observed appellant erratically driving away from the area of the shots. By 2:08 or 2:09 a.m., appellant crashed his car. Officer Garner testified that it took him approximately two and a half minutes to drive from Balling's house to the scene of the crash. This timing is consistent with the State's version of events. None of appellant's arguments regarding the State's *Page 10 
timeline are persuasive, nor do they indicate that this is a case where the trier of fact clearly lost its way and created a manifest miscarriage of justice.
 {¶ 26} Finally, appellant questions the evidence linking him to the gun found outside his car after he crashed the car. Appellant points out that there was no definitive testimony as to how the gun came to be located there. The State did present evidence, however, that would prove how the gun came to be found there. After a short chase, appellant lost control of his car, went up in the air, and crashed near a utility pole. When the police arrived at the scene, they found a gun lying outside of appellant's passenger side door. Pictures of the scene reveal that the passenger side window was open. A gun could have easily fallen out of appellant's car during the crash.
 {¶ 27} Further, the weight of the evidence does link the gun to appellant. Balling identified appellant as the man who broke into his home and fired shots into the home. Officer Gibson observed appellant driving a car in the opposite direction of Balling's house shortly after receiving a call of shots fired in the area. After appellant crashed his car, a gun was found lying on the ground next to the car. The Columbus Police Department criminalist who examined the spent casings found at Balling's house matched those to the gun found lying next to appellant's car. Thus, the evidence does link the gun to appellant.
 {¶ 28} Appellant's arguments do not indicate that this is a case where the trier of fact clearly lost its way and created a manifest miscarriage of justice. His convictions are not against the manifest weight of the evidence. Appellant's third assignment of error is overruled. *Page 11 
 {¶ 29} Having overruled appellant's three assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 McGRATH, P.J., and BRYANT, J., concur. *Page 1